NO. 07-09-0258-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
A

 

                                                            OCTOBER 20, 2010

 

                                            ______________________________

 

 

                                              JAFFICE
HARRIS, III, APPELLANT

 

                                                                            V.

 

                                             THE STATE OF TEXAS, APPELLEE

 

 

                                         _________________________________

 

                      FROM
THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

 

                    NO.
2009-422,087; HONORABLE BRAD UNDERWOOD, JUDGE

 

                                           _______________________________

 

Before CAMPBELL and HANCOCK and
PIRTLE, JJ.

                                                   ABATEMENT
AND REMAND

Appellant, Jaffice
Harris, III, pled guilty in open court to burglary of a habitation with intent
to commit aggravated assault with a deadly weapon[1]
and was sentenced by a jury to twenty-five years confinement.  Appellant's counsel has filed an Anders brief and a motion to
withdraw.  See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). 
For the reasons expressed herein, we abate and remand this cause to the
trial court for appointment of new counsel.

In support of his motion to withdraw,
counsel certifies he has conducted a conscientious examination of the record
and, in his opinion, the record reflects no potentially plausible basis to
support an appeal.  Anders
v. California, 386 U.S. 738, 744-45, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). 
Counsel candidly discusses why, under the controlling authorities, the
appeal is frivolous.  See High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978).  Counsel has demonstrated that he has
complied with the requirements of Anders and In re Schulman by
(1) providing a copy of the brief to Appellant, (2) notifying him of his right
to file a pro se response if he desired to do so, and (3) informing him of his
right to file a pro se petition for discretionary review.  In re Schulman, 252
S.W.3d at 408.[2]  

When faced with an Anders
brief, an appellate court has a duty to conduct a full examination of the
proceeding, and if its independent inquiry reveals a non-frivolous or arguable
ground for appeal, it must abate the proceeding and remand the case to the
trial court so that new counsel can be appointed to brief the issues.  See Penson v. Ohio, 488 U.S. 75, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005).  

In this case, the Clerk's Record
reflects a judgment signed July 6, 2009. 
Under the judgment's heading "special findings or orders," the
trial court orders Appellant to pay court-appointed attorney fees of $5,467.50
and court costs of $615.00.  A review of
the Reporter's Record does not reveal any evidence pertaining to Appellant's
ability to reimburse attorney's fees, nor does it contain any determination by
the court of Appellant's ability to pay those fees.  See Tex. Code Crim. Proc. Ann. art. 26.05(g)
(Vernon Supp. 2009).  Rather, the
record shows Appellant was appointed trial counsel and, later on July 24, 2009,
appellate counsel was appointed due to his indigency.

A judgment ordering the reimbursement
of court-appointed attorney's fees without sufficient evidence of a defendant's
ability to pay can constitute error cognizable on appeal.  See
Mayer v. State, 309 S.W.3d 552 (Tex.Crim.App. 2010).  

Based upon this record, we find at
least two arguable grounds for appeal exist:

(1)       Does an order for the reimbursement of attorney's fees have to be included in
the oral pronouncement of sentence as a precondition to its inclusion in the
trial court's written judgment?  See Weir v. State, 278
S.W.3d 364, 366 (Tex.Crim.App. 2009).

(2)       Was the evidence legally sufficient to
show that Appellant had financial resources that would enable him to offset, in
part or in whole the costs of legal services provided?  See
Mayer v. State, 309 S.W.3d 552 (Tex.Crim.App.
2010).

   

Having concluded that arguable grounds
for appeal exist, we grant Appellant=s counsel=s motion to withdraw, abate this
proceeding, and remand this cause to the trial court for the appointment of new
counsel.  See Bledsoe, 178 S.W.3d
at 827; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991).  

We direct the trial court to appoint
new counsel to represent Appellant on appeal by November 1, 2010.  The trial court shall furnish the name,
address, telephone number, and state bar number of new counsel to the Clerk of
this Court immediately after the appointment of counsel is ordered.  Finally, the trial court shall cause its
order appointing counsel to be included in a supplemental clerk=s record which shall be filed with the
Clerk of this Court by November 12, 2010. 
Appellant=s brief shall address the issues we
have identified, together with any other arguable issues identified by counsel,
and shall be due forty-five days from the date of the trial court=s appointment of new counsel.  All other appellate deadlines shall be in
accordance with the Texas Rules of Appellate Procedure.

It is so ordered.         

                                                                                                 
Per Curiam

 

Do not publish. 











[1]See Tex. Penal Code Ann. § 30.03(d) (Vernon
2003).





[2]Notwithstanding that Appellant was
informed of his right to file a pro se petition for discretionary review upon
execution of the Trial Court=s Certification of Defendant=s Right of Appeal, counsel must comply with Rule
48.4 of the Texas Rules of Appellate Procedure which provides that counsel
shall within five days after this opinion is handed down, send Appellant a copy
of the opinion and judgment together with notification of his right to file a
pro se petition for discretionary review.  In re Schulman, at
408 n.22 & at 411 n.35.