IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,812-02






EX PARTE MICHAEL SHAWN SADLER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-02-14095-BCCR IN THE 220TH DISTRICT COURT


FROM BOSQUE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex.Crim.App. 1967). Applicant was convicted of unlawful
possession of a firearm by a felon and was sentenced to seven years' imprisonment. He did not
appeal the conviction.

 Applicant complains his trial counsel failed to object to the imposition of court costs ($236)
where Applicant had previously been found indigent, and he makes the same claim regarding the
imposition of appointed-attorney's fees ($400). He also argues there is no evidence to show a
material change in his financial circumstances that would permit the assessments. 

 Applicant's claim concerning the imposition of court costs ($236) is without merit. See
Armstrong v. State, 340 S.W.3d 759 (Tex.Crim.App. 2011); Weir v. State, 278 S.W.3d 364
(Tex.Crim.App. 2009); Tex. Gov't Code § 102.021. Regarding the imposition of attorney's fees
($400), Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex.Crim.App. 1999); Mayer v.
State, 309 S.W.3d 552 (Tex.Crim.App. 2010); Tex. Code Crim. Proc. art. 26.04(p).

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex.Crim.App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of
counsel. In doing so, the trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: October 10, 2012

Do not publish