

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00297-CV

| | | |
|---|---|---|
| Dale Roy Slaven | § | From Criminal District Court No. 2 |
| | § | of Tarrant County (1178932D) |
| v. | | |
| | § | November 15, 2012 |
| The State of Texas | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's order. It is ordered that the order of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-11-00297-CV**
**NO. 02-11-00298-CV**
**NO. 02-11-00299-CV**
**NO. 02-11-00300-CV**
**NO. 02-11-00301-CV**
**NO. 02-11-00302-CV**
**NO. 02-11-00303-CV**
**NO. 02-11-00304-CV**
**NO. 02-11-00305-CV**
**NO. 02-11-00306-CV**
**NO. 02-11-00307-CV**
**NO. 02-11-00308-CV**
**NO. 02-11-00309-CV**
**NO. 02-11-00310-CV**
**NO. 02-11-00311-CV**

DALE ROY SLAVEN                                          APPELLANT

V.

THE STATE OF TEXAS                                          APPELLEE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

# MEMORANDUM OPINION[1]

----------

## I. Background

Appellant pro se Dale Roy Slaven entered open pleas of guilty to eight charges of aggravated robbery, six charges of robbery, and one charge of forgery. The trial court found Slaven guilty on all charges, accepted his pleas of true to the habitual offender notices, and assessed his punishment at sixty years' confinement in the aggravated robbery and robbery cases and twenty years' confinement in the forgery case, all sentences to run concurrently. The fifteen judgments, signed on September 21, 2010, included $274 in court costs for a cumulative total of $4,110. We affirmed the judgment in each of Slaven's fifteen cases earlier this year. *See Slaven v. State*, Nos. 02-10-00413-CR, 02-10-00414-CR, 02-10-00415-CR, 02-10-00416-CR, 02-10-00417-CR, 02-10-00418-CR, 02-10-00419-CR, 02-10-00420-CR, 02-10-00421-CR, 02-10-00422-CR, 02-10-00423-CR, 02-10-00424-CR, 02-10-00425-CR, 02-10-00426-CR, 02-10-00427-CR, 2012 WL 1964590, at *6 (Tex. App.—Fort Worth May 31, 2012, pet. ref'd) (mem. op., not designated for publication).

On February 7, 2011, the trial court issued an "Order to Withdraw Funds" in each of Slaven's fifteen cases.[2] The orders directed the Texas Department of Criminal Justice (the Department) to withdraw money from Slaven's inmate

account in predetermined percentages and to forward the withdrawn amounts to the Tarrant County District Clerk until Slaven's court costs are paid in full.[3]

After he received the trial court's orders to withdraw funds, Slaven attempted to challenge the withdrawal of funds from his inmate account by filing notices of appeal in this court. He also filed motions in the trial court to challenge the orders. We abated these appeals so that Slaven could pursue in the trial court his challenge to the withdrawal orders. The trial court conducted a hearing and signed an order on December 29, 2011. The trial court's order waived the court costs in ten of Slaven's fifteen cases and amended the manner in which the Department could withdraw funds from Slaven's inmate account in the future by ordering that the Department cumulatively withdraw no more than ten percent of the funds in Slaven's inmate account per month.[4] These appeals were then reinstated.

## II. Discussion

Slaven argues in his first three issues that he has been denied due process, that the withdrawal of his inmate funds in satisfaction of court costs violates his rights under article 1, sections 13 and 19 of the Texas constitution,[5] and that there is no statutory or factual basis for the court costs. Slaven argues in his fourth through seventh issues that the assessment of court costs resulted from prosecutorial misconduct, retaliation by the district attorney and district clerk, abuse of judicial discretion, and ineffective assistance of counsel. We

review a trial court's denial of a motion contesting a withdrawal order under an abuse of discretion standard. *See Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. denied).

## A.  Due Process – Withdrawal Notification

A withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to government code section 501.014(e) is a civil matter akin to a garnishment action or an action to obtain a turnover order. *Harrell v. State*, 286 S.W.3d 315, 317–19 (Tex. 2009); *Johnson v. Tenth Judicial Dist. Court of Appeals at Waco*, 280 S.W.3d 866, 869 (Tex. Crim. App. 2008). "Such post-judgment collection efforts are designed to reimburse the State, not to punish the inmate, and due process is satisfied if the inmate receives notice and the opportunity to be heard after funds are withdrawn." *Harrell*, 286 S.W.3d at 316.

In *Harrell*, the supreme court held that due process entitles an inmate to receive notice and an opportunity to be heard, even though those requirements might be accorded to the inmate after the funds are withdrawn. *See id.* at 321.  Harrell had received a copy of the trial court orders requiring withdrawal of funds from his inmate account, and he filed a motion to rescind the orders based on a denial of due process, specifically challenging the inability to present evidence of his indigence. *Id.* at 317.  The trial court denied Harrell's motion. *Id.* Discussing Harrell's specific complaint, the supreme court concluded

that, because Harrell had received notice (a copy of the withdrawal notification) and an opportunity to be heard (the motion to rescind), he had received all that due process required. *Id.* at 321. The *Harrell* Court added, "The Constitution does not require pre-withdrawal notice or a comprehensive civil garnishment proceeding." *Id.*

In this case, Slaven unquestionably received notice of the trial court's withdrawal orders because he filed notices of appeal in this court and motions contesting the withdrawals in the trial court. Furthermore, Slaven had an opportunity to be heard because the trial court conducted a hearing on his motions.[6] Indeed, the trial court granted a majority of the relief that Slaven had requested by waiving court costs in ten of Slaven's fifteen cases (thereby reducing the total of all court costs assessed from $4,110 to $1,370) and by restricting the withdrawals from his inmate account to a collective total of ten percent in a given month. We hold that Slaven has not been denied due process, and we overrule the portions of his first and second issues that assert due process complaints. *See id.*

## B. Authority to Order Court Costs

In the remainder of his first and second issues, Slaven argues that he does not know what services were provided that permitted the court costs taxed against him and that there is no legal authority for those costs. Slaven argues in

his third issue that, because of the assessment of court costs, he "has been made to suffer under excessive and unusual fines."

First, court costs are not punitive. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009) (holding that because court costs are not punitive, they do "not have to be included in the oral pronouncement of sentence . . . as a precondition to their inclusion in the trial court's written judgment"). Court costs are treated differently than fines imposed as punishment and are "intended by the Legislature as a nonpunitive 'recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Id.* at 366.

Furthermore, the court costs assessed against Slaven are listed on a "Transaction Fee Breakdown" document in each of the five cases for which Slaven remains obligated to pay court costs. That document contains the following information:[7]

|     | Fee Name        | Amount   |
| --- | --------------- | -------- |
| 1.  | Clerk Fees      | $40.00   |
| 2.  | DC Rec Mgmt&Pre | $2.50    |
| 3.  | DC Recs Tech    | $4.00    |
| 4.  | Security Fees   | $5.00    |
| 5.  | Crim. Records   | $22.50   |
| 6.  | Jury Service FD | $4.00    |
| 7.  | PO Arrest Fee   | $50.00   |
| 8.  | PO Commit/Rel   | $5.00    |
| 9.  | Ind DefenseFund | $2.00    |
| 10. | Jud Support–CRM | $6.00    |
| 11. | CCC–Felony      | $133.00  |
|     | **Total Costs:** | **$274.00** |

Each of these fees is mandated by the code of criminal procedure or the local government code. Code of criminal procedure article 102.005(a) states that a "defendant convicted of an offense in . . . a district court shall pay for the services of the clerk of the court a fee of $40." Tex. Code Crim. Proc. Ann. art. 102.005(a) (West 2006). This corresponds to cost number one in the chart. Costs number two and five in the chart are mandated by article 102.005(f), which requires a $25 fee for county records management services with $22.50 paid for services by the county and $2.50 paid for services by the district court clerk. *See id.* art. 102.005(f)(1), (2). Article 102.0169(a) requires a convicted defendant to "pay a $4 county and district court technology fee as a cost of court," and this corresponds to cost number three in the chart above. *Id.* art. 102.0169(a) (West Supp. 2012).

Cost number four is required by article 102.017(a), which provides that "[a] defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court." *Id.* art. 102.017(a) (West Supp. 2012). Article 102.0045(a) mandates "a fee of $4 to be used to reimburse counties for the cost of juror services." *Id.* art. 102.0045(a) (West Supp. 2012). This $4 fee corresponds with cost number six in the chart. Costs number seven and eight are required for services performed by a peace officer in cases involving felony convictions, $50 for executing and processing an arrest warrant and $5 for commitment or release. *Id.* art. 102.011(a)(2), (6) (West Supp. 2012).

Costs number nine, ten, and eleven are required by the local government code.  Section 133.107(a) requires that a convicted person pay, as a court cost, "a fee of $2 to be used to fund indigent defense representation through the fair defense account," and section 133.105(a) requires that a person convicted of an offense pay, as a court cost, "a fee of $6 to be used for court-related purposes for the support of the judiciary."  Tex. Loc. Gov't Code Ann. §§ 133.105(a) (West 2008), .107(a) (West Supp. 2012).  Finally, cost number eleven is $133, and local government code section 133.102(a)(1) requires that a convicted person pay a court cost of "$133 on conviction of a felony."  *Id.* § 133.102(a)(1) (West Supp. 2012).

Slaven's primary argument throughout all of his first three issues is that the trial court should have waived the court costs in all fifteen of his cases because he is indigent and will indefinitely remain indigent because any future deposits into his inmate account will be automatically withdrawn for the payment of court costs.  However, each court cost charged to Slaven is mandated by statute, and the trial court already waived two-thirds of the court costs and restricted the amount that could be withdrawn each month.  Furthermore, a convicted defendant's indigency is not relevant to the amount of court costs assessed when those court costs do not include an obligation to pay court-appointed attorney's fees under code of criminal procedure article 26.05(g).  *See Dissette v. State*, No. 09-11-00672-CR, 2012 WL 1249014, at *1 (Tex. App.—Beaumont Apr. 11,

2012, no pet.) (mem. op., not designated for publication); *Auchincloss v. State*, No. 09-11-00673-CR, 2012 WL 1249412, at *1 (Tex. App.—Beaumont Apr. 11, 2012, no pet.) (mem. op., not designated for publication).  Because the court costs are statutorily required, because they are not punitive, because Slaven's indigency is not relevant to the statutorily mandated court costs other than attorney's fees, and because the trial court has granted significant relief to Slaven through reduction of the amount of court costs and the manner in which they may be withdrawn from his inmate account, we hold that the trial court did not abuse its discretion by declining to waive court costs in all fifteen of Slaven's cases.  We overrule the remainder of Slaven's first two issues and all of his third issue.

## C.  Remaining Issues

Slaven argues in his fourth through seventh issues that the assessment of court costs resulted from prosecutorial misconduct, retaliation by the district attorney and district clerk, abuse of judicial discretion, and ineffective assistance of counsel.  Specifically, Slaven contends that he entered an open plea of guilty only on the belief that the State would waive the assessment of all fines, fees, and costs; that the district attorney's office and clerk's office have sought to impose costs against him with "vindictive intent"; that his appointed criminal appellate attorney was not competent and offered incorrect and misleading legal

advice; and that the trial court abused its discretion by declining to waive the remainder of the court costs because of this alleged conduct.

As discussed above, each of the court costs assessed against Slaven is mandated by statute. But more importantly, Slaven's fourth through seventh issues present criminal matters that must have been brought, if at all, in the direct appeals of his criminal convictions. *See Malone*, 2012 WL 579472, at *3 (holding that Malone waived his challenge to the assessment of costs by failing to pursue a direct appeal of his criminal convictions) (citing *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)); *see also Harrell*, 286 S.W.3d at 321 (noting the due process Harrell received through his criminal case concerning the amount of appointed-counsel fees and court costs assessed); *see generally Johnson v. State*, No. 14-11-00693-CR, 2012 WL 4878803, at *1–3 (Tex. App.—Houston [14th Dist.] Oct. 16, 2012, no pet. h.) (addressing on direct appeal from criminal conviction the sufficiency of evidence to support the assessment of court costs). We overrule Slaven's fourth through seventh issues. *See Malone*, 2012 WL 579472, at *3.

### III. Conclusion

Having overruled each of Slaven's issues, we affirm the trial court's December 29, 2011 withdrawal order.

PER CURIAM

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

DELIVERED:  November 15, 2012

---

[1]*See* Tex. R. App. P. 47.4.

[2]These "orders" are not "'order[s]' in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding." *Malone v. State*, Nos. 02-10-00383-CV, 02-10-00384-CV, 02-10-00385-CV, 02-10-00386-CV, 02-10-00387-CV, 02-10-00388-CV, 02-10-00389-CV, 02-10-00390-CV, 2012 WL 579472, at *1 n.3 (Tex. App.—Fort Worth Feb. 23, 2012, pet. denied) (mem. op. on reh'g).  They are more in the nature of notifications by a court that prison officials must withdraw sums according to set percentages and at set times.  *Id.*

[3]Specifically, the order required the initial withdrawal in each case to be fifteen percent of the inmate account balance if the balance was $100 or below, twenty-five percent of any balance between $100 and $500, and fifty percent of any balance above $500.  Thereafter, the Department would withdraw ten percent of any deposits into Slaven's account until the balance of all court costs is paid in full.

[4]In other words, even though Slaven still must pay court costs for five cases, the total amount of court costs taken from his trust account in any given month cannot exceed ten percent of the account balance.  If Slaven's account balance is $15, the Department can withdraw only $1.50 and equally apportion that $1.50 toward the outstanding balance in the five cases.

[5]Article 1, section 13 prohibits excessive fines and cruel and unusual punishment. Tex. Const. art. 1, § 13.  Article 1, section 19 prohibits the deprivation or disenfranchisement of "life, liberty, property, privileges or immunities . . . except by the due course of the law of the land."  *Id.* art. 1, § 19.

[6]We express no opinion as to whether a trial court is required to conduct a hearing on a motion contesting an order of withdrawal.

[7] The title for each of the costs assessed is set forth exactly as it appears in the document.