COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00311-CV

 

 


 
 
 Dale
 Roy Slaven
  
  
 v.
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From Criminal District
 Court No. 2
  
 of
 Tarrant County (1183501D)
  
 November
 15, 2012
  
 Per
 Curiam
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s order.  It is ordered that the order of the trial
court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

PER
CURIAM








 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00297-CV

NO. 02-11-00298-CV

NO. 02-11-00299-CV

NO. 02-11-00300-CV

NO. 02-11-00301-CV

NO. 02-11-00302-CV

NO. 02-11-00303-CV

NO. 02-11-00304-CV

NO. 02-11-00305-CV

NO. 02-11-00306-CV

NO. 02-11-00307-CV

NO. 02-11-00308-CV

NO. 02-11-00309-CV

NO. 02-11-00310-CV

NO. 02-11-00311-CV

 

 


 
 
 Dale Roy Slaven
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Background

 

Appellant
pro se Dale Roy Slaven entered open pleas of guilty to eight charges of
aggravated robbery, six charges of robbery, and one charge of forgery.  The
trial court found Slaven guilty on all charges, accepted his pleas of true to
the habitual offender notices, and assessed his punishment at sixty years’
confinement in the aggravated robbery and robbery cases and twenty years’
confinement in the forgery case, all sentences to run concurrently.  The
fifteen judgments, signed on September 21, 2010, included $274 in court costs
for a cumulative total of $4,110.  We affirmed the judgment in each of Slaven’s
fifteen cases earlier this year.  See Slaven v. State, Nos.
02-10-00413-CR, 02-10-00414-CR, 02-10-00415-CR, 02-10-00416-CR, 02-10-00417-CR,
02-10-00418-CR, 02-10-00419-CR, 02-10-00420-CR, 02-10-00421-CR, 02-10-00422-CR,
02-10-00423-CR, 02-10-00424-CR, 02-10-00425-CR, 02-10-00426-CR, 02-10-00427-CR,
2012 WL 1964590, at *6 (Tex. App.—Fort Worth May 31, 2012, pet. ref’d) (mem.
op., not designated for publication).

On
February 7, 2011, the trial court issued an “Order to Withdraw Funds” in each
of Slaven’s fifteen cases.[2]  The orders directed the
Texas Department of Criminal Justice (the Department) to withdraw money from
Slaven’s inmate account in predetermined percentages and to forward the
withdrawn amounts to the Tarrant County District Clerk until Slaven’s court
costs are paid in full.[3]

After
he received the trial court’s orders to withdraw funds, Slaven attempted to
challenge the withdrawal of funds from his inmate account by filing notices of
appeal in this court.  He also filed motions in the trial court to challenge
the orders.  We abated these appeals so that Slaven could pursue in the trial
court his challenge to the withdrawal orders.  The trial court conducted a
hearing and signed an order on December 29, 2011.  The trial court’s order
waived the court costs in ten of Slaven’s fifteen cases and amended the manner
in which the Department could withdraw funds from Slaven’s inmate account in
the future by ordering that the Department cumulatively withdraw no more than
ten percent of the funds in Slaven’s inmate account per month.[4]
 These appeals were then reinstated.

II. 
Discussion

Slaven
argues in his first three issues that he has been denied due process, that the
withdrawal of his inmate funds in satisfaction of court costs violates his
rights under article 1, sections 13 and 19 of the Texas constitution,[5]
and that there is no statutory or factual basis for the court costs.  Slaven
argues in his fourth through seventh issues that the assessment of court costs
resulted from prosecutorial misconduct, retaliation by the district attorney
and district clerk, abuse of judicial discretion, and ineffective assistance of
counsel.  We review a trial court’s denial of a motion contesting a withdrawal
order under an abuse of discretion standard.  See Williams v. State, 332
S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. denied).

A.  Due Process – Withdrawal
Notification

A
withdrawal notification directing prison officials to withdraw money from an
inmate account pursuant to government code section 501.014(e) is a civil matter
akin to a garnishment action or an action to obtain a turnover order.  Harrell
v. State, 286 S.W.3d 315, 317–19 (Tex. 2009); Johnson v. Tenth Judicial
Dist. Court of Appeals at Waco, 280 S.W.3d 866, 869 (Tex. Crim. App. 2008).
 “Such post-judgment collection efforts are designed to reimburse the State,
not to punish the inmate, and due process is satisfied if the inmate receives
notice and the opportunity to be heard after funds are withdrawn.”  Harrell,
286 S.W.3d at 316.

In Harrell,
the supreme court held that due process entitles an inmate to receive notice
and an opportunity to be heard, even though those requirements might be
accorded to the inmate after the funds are withdrawn.  See id. at 321.  Harrell
had received a copy of the trial court orders requiring withdrawal of funds
from his inmate account, and he filed a motion to rescind the orders based on a
denial of due process, specifically challenging the inability to present
evidence of his indigence.  Id. at 317.  The trial court denied
Harrell’s motion.  Id.  Discussing Harrell’s specific complaint, the
supreme court concluded that, because Harrell had received notice (a copy of
the withdrawal notification) and an opportunity to be heard (the motion to
rescind), he had received all that due process required.  Id. at 321.  The
Harrell Court added, “The Constitution does not require pre-withdrawal
notice or a comprehensive civil garnishment proceeding.”  Id.

In
this case, Slaven unquestionably received notice of the trial court’s
withdrawal orders because he filed notices of appeal in this court and motions
contesting the withdrawals in the trial court.  Furthermore, Slaven had an
opportunity to be heard because the trial court conducted a hearing on his
motions.[6]  Indeed, the trial court
granted a majority of the relief that Slaven had requested by waiving court
costs in ten of Slaven’s fifteen cases (thereby reducing the total of all court
costs assessed from $4,110 to $1,370) and by restricting the withdrawals from
his inmate account to a collective total of ten percent in a given month.  We
hold that Slaven has not been denied due process, and we overrule the portions
of his first and second issues that assert due process complaints.  See id.

B.  Authority to Order Court
Costs

In
the remainder of his first and second issues, Slaven argues that he does not
know what services were provided that permitted the court costs taxed against
him and that there is no legal authority for those costs.  Slaven argues in his
third issue that, because of the assessment of court costs, he “has been made
to suffer under excessive and unusual fines.”

First,
court costs are not punitive.  Weir v. State, 278 S.W.3d 364, 367 (Tex.
Crim. App. 2009) (holding that because court costs are not punitive, they do
“not have to be included in the oral pronouncement of sentence . . . as a
precondition to their inclusion in the trial court’s written judgment”).  Court
costs are treated differently than fines imposed as punishment and are
“intended by the Legislature as a nonpunitive ‘recoupment of the costs of
judicial resources expended in connection with the trial of the case.’”  Id.
at 366.

Furthermore,
the court costs assessed against Slaven are listed on a “Transaction Fee
Breakdown” document in each of the five cases for which Slaven remains
obligated to pay court costs.  That document contains the following
information:[7]




 
 
  
 
 
 Fee Name
 
 
 Amount
 
 
 
 
 1.
 
 
 Clerk
 Fees
 
 
 $40.00
 
 
 
 
 2.
 
 
 DC
 Rec Mgmt&Pre
 
 
 $2.50
 
 
 
 
 3.
 
 
 DC
 Recs Tech
 
 
 $4.00
 
 
 
 
 4.
 
 
 Security
 Fees
 
 
 $5.00
 
 
 
 
 5.
 
 
 Crim.
 Records
 
 
 $22.50
 
 
 
 
 6.
 
 
 Jury
 Service FD
 
 
 $4.00
 
 
 
 
 7.
 
 
 PO
 Arrest Fee
 
 
 $50.00
 
 
 
 
 8.
 
 
 PO
 Commit/Rel
 
 
 $5.00
 
 
 
 
 9.
 
 
 Ind
 DefenseFund
 
 
 $2.00
 
 
 
 
 10.
 
 
 Jud
 Support–CRM
 
 
 $6.00
 
 
 
 
 11.
 
 
 CCC–Felony
 
 
 $133.00
 
 
 
 
  
 
 
 Total
 Costs:
 
 
 $274.00
 
 




 

Each
of these fees is mandated by the code of criminal procedure or the local
government code.  Code of criminal procedure article 102.005(a) states that a
“defendant convicted of an offense in . . . a district court shall pay for the
services of the clerk of the court a fee of $40.”  Tex. Code Crim. Proc. Ann.
art. 102.005(a) (West 2006).  This corresponds to cost number one in the
chart.  Costs number two and five in the chart are mandated by article
102.005(f), which requires a $25 fee for county records management services
with $22.50 paid for services by the county and $2.50 paid for services by the
district court clerk.  See id. art. 102.005(f)(1), (2).  Article
102.0169(a) requires a convicted defendant to “pay a $4 county and district
court technology fee as a cost of court,” and this corresponds to cost number
three in the chart above.  Id. art. 102.0169(a) (West Supp. 2012).

Cost
number four is required by article 102.017(a), which provides that “[a] defendant
convicted of a felony offense in a district court shall pay a $5 security fee
as a cost of court.”  Id. art. 102.017(a) (West Supp. 2012).  Article
102.0045(a) mandates “a fee of $4 to be used to reimburse counties for the cost
of juror services.”  Id. art. 102.0045(a) (West Supp. 2012).  This $4
fee corresponds with cost number six in the chart.  Costs number seven and
eight are required for services performed by a peace officer in cases involving
felony convictions, $50 for executing and processing an arrest warrant and $5
for commitment or release.  Id. art. 102.011(a)(2), (6) (West Supp. 2012).

Costs
number nine, ten, and eleven are required by the local government code. 
Section 133.107(a) requires that a convicted person pay, as a court cost, “a
fee of $2 to be used to fund indigent defense representation through the fair
defense account,” and section 133.105(a) requires that a person convicted of an
offense pay, as a court cost, “a fee of $6 to be used for court-related
purposes for the support of the judiciary.”  Tex. Loc. Gov’t Code Ann. §§
133.105(a) (West 2008), .107(a) (West Supp. 2012).  Finally, cost number eleven
is $133, and local government code section 133.102(a)(1) requires that a
convicted person pay a court cost of “$133 on conviction of a felony.”  Id.
§ 133.102(a)(1) (West Supp. 2012).

Slaven’s
primary argument throughout all of his first three issues is that the trial
court should have waived the court costs in all fifteen of his cases because he
is indigent and will indefinitely remain indigent because any future deposits
into his inmate account will be automatically withdrawn for the payment of
court costs.  However, each court cost charged to Slaven is mandated by statute,
and the trial court already waived two-thirds of the court costs and restricted
the amount that could be withdrawn each month.  Furthermore, a convicted
defendant’s indigency is not relevant to the amount of court costs assessed
when those court costs do not include an obligation to pay court-appointed
attorney’s fees under code of criminal procedure article 26.05(g).  See
Dissette v. State, No. 09-11-00672-CR, 2012 WL 1249014, at *1 (Tex.
App.—Beaumont Apr. 11, 2012, no pet.) (mem. op., not designated for
publication); Auchincloss v. State, No. 09-11-00673-CR, 2012 WL 1249412,
at *1 (Tex. App.—Beaumont Apr. 11, 2012, no pet.) (mem. op., not designated for
publication).  Because the court costs are statutorily required, because they
are not punitive, because Slaven’s indigency is not relevant to the statutorily
mandated court costs other than attorney’s fees, and because the trial court
has granted significant relief to Slaven through reduction of the amount of
court costs and the manner in which they may be withdrawn from his inmate
account, we hold that the trial court did not abuse its discretion by declining
to waive court costs in all fifteen of Slaven’s cases.  We overrule the
remainder of Slaven’s first two issues and all of his third issue.

C.  Remaining Issues

Slaven
argues in his fourth through seventh issues that the assessment of court costs
resulted from prosecutorial misconduct, retaliation by the district attorney
and district clerk, abuse of judicial discretion, and ineffective assistance of
counsel.  Specifically, Slaven contends that he entered an open plea of guilty
only on the belief that the State would waive the assessment of all fines,
fees, and costs; that the district attorney’s office and clerk’s office have
sought to impose costs against him with “vindictive intent”; that his appointed
criminal appellate attorney was not competent and offered incorrect and
misleading legal advice; and that the trial court abused its discretion by
declining to waive the remainder of the court costs because of this alleged
conduct.

As
discussed above, each of the court costs assessed against Slaven is mandated by
statute.  But more importantly, Slaven’s fourth through seventh issues present
criminal matters that must have been brought, if at all, in the direct appeals
of his criminal convictions.  See Malone, 2012 WL 579472, at *3 (holding
that Malone waived his challenge to the assessment of costs by failing to
pursue a direct appeal of his criminal convictions) (citing Armstrong v.
State, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)); see also Harrell,
286 S.W.3d at 321 (noting the due process Harrell received through his criminal
case concerning the amount of appointed-counsel fees and court costs assessed);
see generally Johnson v. State, No. 14-11-00693-CR, 2012 WL 4878803, at
*1–3 (Tex. App.—Houston [14th Dist.] Oct. 16, 2012, no pet. h.) (addressing on
direct appeal from criminal conviction the sufficiency of evidence to support
the assessment of court costs).  We overrule Slaven’s fourth through seventh
issues.  See Malone, 2012 WL 579472, at *3.

III. 
Conclusion

Having
overruled each of Slaven’s issues, we affirm the trial court’s December 29,
2011 withdrawal order.

 

 

 

PER CURIAM

 

PANEL: 
GARDNER,
MCCOY, and MEIER, JJ.

 

DELIVERED:  November 15,
2012








 









[1]See Tex. R. App. P. 47.4.





[2]These “orders” are not
“‘order[s]’ in the traditional sense of a court order, judgment, or decree
issued after notice and hearing in either a civil or criminal proceeding.”  Malone
v. State, Nos. 02-10-00383-CV, 02-10-00384-CV, 02-10-00385-CV,
02-10-00386-CV, 02-10-00387-CV, 02-10-00388-CV, 02-10-00389-CV, 02-10-00390-CV,
2012 WL 579472, at *1 n.3 (Tex. App.—Fort Worth Feb. 23, 2012, pet. denied)
(mem. op. on reh’g).  They are more in the nature of notifications by a court
that prison officials must withdraw sums according to set percentages and at
set times.  Id.





[3]Specifically, the order
required the initial withdrawal in each case to be fifteen percent of the
inmate account balance if the balance was $100 or below, twenty-five percent of
any balance between $100 and $500, and fifty percent of any balance above
$500.  Thereafter, the Department would withdraw ten percent of any deposits
into Slaven’s account until the balance of all court costs is paid in full.





[4]In other words, even
though Slaven still must pay court costs for five cases, the total amount of
court costs taken from his trust account in any given month cannot exceed ten
percent of the account balance.  If Slaven’s account balance is $15, the
Department can withdraw only $1.50 and equally apportion that $1.50 toward the
outstanding balance in the five cases.





[5]Article 1, section 13
prohibits excessive fines and cruel and unusual punishment.  Tex. Const. art.
1, § 13.  Article 1, section 19 prohibits the deprivation or disenfranchisement
of “life, liberty, property, privileges or immunities . . . except by the due
course of the law of the land.”  Id. art. 1, § 19.





[6]We express no opinion as
to whether a trial court is required to conduct a hearing on a motion
contesting an order of withdrawal.





[7]The title for each of the costs
assessed is set forth exactly as it appears in the document.