COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO.
02-11-00302-CV

 

 


 
 
 Dale
 Roy Slaven
  
  
 v.
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From
 Criminal District Court No. 2
  
 of
 Tarrant County (1180828D)
  
 November
 15, 2012
  
 Per
 Curiam
 
 


 

JUDGMENT

 

         
This court has considered the record on appeal in this case and holds that
there was no error in the trial court’s order.  It is ordered that the
order of the trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

PER
CURIAM

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO.
02-11-00297-CV

NO.
02-11-00298-CV

NO.
02-11-00299-CV

NO.
02-11-00300-CV

NO.
02-11-00301-CV

NO.
02-11-00302-CV

NO.
02-11-00303-CV

NO.
02-11-00304-CV

NO.
02-11-00305-CV

NO.
02-11-00306-CV

NO.
02-11-00307-CV

NO.
02-11-00308-CV

NO.
02-11-00309-CV

NO.
02-11-00310-CV

NO.
02-11-00311-CV

 

 


 
 
 Dale Roy Slaven
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Background

 

Appellant
pro se Dale Roy Slaven entered open pleas of guilty
to eight charges of aggravated robbery, six charges of robbery, and one charge
of forgery.  The trial court found Slaven guilty
on all charges, accepted his pleas of true to the habitual offender notices,
and assessed his punishment at sixty years’ confinement in the aggravated
robbery and robbery cases and twenty years’ confinement in the forgery case,
all sentences to run concurrently.  The fifteen judgments, signed on
September 21, 2010, included $274 in court costs for a cumulative total of
$4,110.  We affirmed the judgment in each of Slaven’s
fifteen cases earlier this year.  See Slaven
v. State, Nos. 02-10-00413-CR, 02-10-00414-CR, 02-10-00415-CR,
02-10-00416-CR, 02-10-00417-CR, 02-10-00418-CR, 02-10-00419-CR, 02-10-00420-CR,
02-10-00421-CR, 02-10-00422-CR, 02-10-00423-CR, 02-10-00424-CR, 02-10-00425-CR,
02-10-00426-CR, 02-10-00427-CR, 2012 WL 1964590, at *6 (Tex. App.—Fort Worth
May 31, 2012, pet. ref’d) (mem.
op., not designated for publication).

On February
7, 2011, the trial court issued an “Order to Withdraw Funds” in each of Slaven’s fifteen cases.[2]  The orders directed the Texas
Department of Criminal Justice (the Department) to withdraw money from Slaven’s inmate account in predetermined percentages and to
forward the withdrawn amounts to the Tarrant County District Clerk until Slaven’s court costs are paid in full.[3]

After
he received the trial court’s orders to withdraw funds, Slaven
attempted to challenge the withdrawal of funds from his inmate account by
filing notices of appeal in this court.  He also filed motions in the
trial court to challenge the orders.  We abated these appeals so that Slaven could pursue in the trial court his challenge to the
withdrawal orders.  The trial court conducted a hearing and signed an
order on December 29, 2011.  The trial court’s order waived the court
costs in ten of Slaven’s fifteen cases and amended
the manner in which the Department could withdraw funds from Slaven’s inmate account in the future by ordering that the
Department cumulatively withdraw no more than ten percent of the funds in Slaven’s inmate account per month.[4]  These appeals were then reinstated.

II.  Discussion

Slaven
argues in his first three issues that he has been denied due process, that the
withdrawal of his inmate funds in satisfaction of court costs violates his
rights under article 1, sections 13 and 19 of the Texas constitution,[5] and that there is no statutory or factual
basis for the court costs.  Slaven argues in his
fourth through seventh issues that the assessment of court costs resulted from
prosecutorial misconduct, retaliation by the district attorney and district
clerk, abuse of judicial discretion, and ineffective assistance of counsel.
 We review a trial court’s denial of a motion contesting a withdrawal
order under an abuse of discretion standard.  See Williams v. State,
332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet.
denied).

A.  Due Process –
Withdrawal Notification

A
withdrawal notification directing prison officials to withdraw money from an
inmate account pursuant to government code section 501.014(e) is a civil matter
akin to a garnishment action or an action to obtain a turnover order.  Harrell v. State, 286 S.W.3d 315,
317–19 (Tex. 2009); Johnson v. Tenth Judicial Dist. Court of Appeals at Waco,
280 S.W.3d 866, 869 (Tex. Crim. App. 2008).
 “Such post-judgment collection efforts are designed to reimburse the
State, not to punish the inmate, and due process is satisfied if the inmate
receives notice and the opportunity to be heard after funds are
withdrawn.”  Harrell, 286 S.W.3d
at 316.

In Harrell,
the supreme court held that due process entitles an
inmate to receive notice and an opportunity to be heard, even though those
requirements might be accorded to the inmate after the funds are withdrawn.
 See id. at
321.  Harrell had received a copy of the trial court orders requiring
withdrawal of funds from his inmate account, and he filed a motion to rescind
the orders based on a denial of due process, specifically challenging the
inability to present evidence of his indigence.  Id.
at 317.  The trial court denied Harrell’s motion.  Id. 
Discussing Harrell’s specific complaint, the supreme court
concluded that, because Harrell had received notice (a copy of the withdrawal
notification) and an opportunity to be heard (the motion to rescind), he had
received all that due process required.  Id. at
321.  The Harrell Court added, “The Constitution does not
require pre-withdrawal notice or a comprehensive civil garnishment proceeding.”
 Id.

In
this case, Slaven unquestionably received notice of
the trial court’s withdrawal orders because he filed notices of appeal in this
court and motions contesting the withdrawals in the trial court.
 Furthermore, Slaven had an opportunity to be
heard because the trial court conducted a hearing on his motions.[6]  Indeed, the trial court granted a
majority of the relief that Slaven had requested by
waiving court costs in ten of Slaven’s fifteen cases
(thereby reducing the total of all court costs assessed from $4,110 to $1,370)
and by restricting the withdrawals from his inmate account to a collective
total of ten percent in a given month.  We hold that Slaven
has not been denied due process, and we overrule the portions of his first and
second issues that assert due process complaints.  See id.

B.  Authority to Order
Court Costs

In
the remainder of his first and second issues, Slaven
argues that he does not know what services were provided that permitted the
court costs taxed against him and that there is no legal authority for those
costs.  Slaven argues in his third issue that,
because of the assessment of court costs, he “has been made to suffer under
excessive and unusual fines.”

First,
court costs are not punitive.  Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009) (holding that
because court costs are not punitive, they do “not have to be included in the
oral pronouncement of sentence . . . as a precondition to their inclusion in
the trial court’s written judgment”).  Court costs are treated differently
than fines imposed as punishment and are “intended by the Legislature as a nonpunitive ‘recoupment of the costs of judicial resources
expended in connection with the trial of the case.’”  Id.
at 366.

Furthermore,
the court costs assessed against Slaven are listed on
a “Transaction Fee Breakdown” document in each of the five cases for which Slaven remains obligated to pay court costs.  That
document contains the following information:[7]




 
 
  
 
 
 Fee Name
 
 
 Amount
 
 
 
 
 1.
 
 
 Clerk
 Fees
 
 
 $40.00
 
 
 
 
 2.
 
 
 DC
 Rec Mgmt&Pre
 
 
 $2.50
 
 
 
 
 3.
 
 
 DC
 Recs Tech
 
 
 $4.00
 
 
 
 
 4.
 
 
 Security
 Fees
 
 
 $5.00
 
 
 
 
 5.
 
 
 Crim.
 Records
 
 
 $22.50
 
 
 
 
 6.
 
 
 Jury
 Service FD
 
 
 $4.00
 
 
 
 
 7.
 
 
 PO
 Arrest Fee
 
 
 $50.00
 
 
 
 
 8.
 
 
 PO
 Commit/Rel
 
 
 $5.00
 
 
 
 
 9.
 
 
 Ind DefenseFund
 
 
 $2.00
 
 
 
 
 10.
 
 
 Jud
 Support–CRM
 
 
 $6.00
 
 
 
 
 11.
 
 
 CCC–Felony
 
 
 $133.00
 
 
 
 
  
 
 
 Total
 Costs:
 
 
 $274.00
 
 




 

Each
of these fees is mandated by the code of criminal procedure or the local
government code.  Code of criminal procedure article 102.005(a) states
that a “defendant convicted of an offense in . . . a district court shall pay
for the services of the clerk of the court a fee of $40.”  Tex. Code Crim.
Proc. Ann. art. 102.005(a) (West 2006).  This
corresponds to cost number one in the chart.  Costs number two and five in
the chart are mandated by article 102.005(f), which requires a $25 fee for
county records management services with $22.50 paid for services by the county
and $2.50 paid for services by the district court clerk.  See id. art. 102.005(f)(1), (2).  Article
102.0169(a) requires a convicted defendant to “pay a $4 county and district
court technology fee as a cost of court,” and this corresponds to cost number
three in the chart above.  Id. art. 102.0169(a)
(West Supp. 2012).

Cost
number four is required by article 102.017(a), which provides that “[a]
defendant convicted of a felony offense in a district court shall pay a $5
security fee as a cost of court.”  Id. art.
102.017(a) (West Supp. 2012).  Article 102.0045(a) mandates “a fee
of $4 to be used to reimburse counties for the cost of juror services.”  Id.
art. 102.0045(a) (West Supp. 2012).  This $4 fee
corresponds with cost number six in the chart.  Costs number seven and
eight are required for services performed by a peace officer in cases involving
felony convictions, $50 for executing and processing an arrest warrant and $5
for commitment or release.  Id. art. 102.011(a)(2), (6) (West Supp. 2012).

Costs
number nine, ten, and eleven are required by the local government code. 
Section 133.107(a) requires that a convicted person pay, as a court cost, “a
fee of $2 to be used to fund indigent defense representation through the fair
defense account,” and section 133.105(a) requires that a person convicted of an
offense pay, as a court cost, “a fee of $6 to be used for court-related
purposes for the support of the judiciary.”  Tex. Loc.
Gov’t Code Ann. §§ 133.105(a) (West 2008), .107(a) (West Supp. 2012). 
Finally, cost number eleven is $133, and local government code section 133.102(a)(1) requires that a convicted person pay a court cost of
“$133 on conviction of a felony.”  Id. § 133.102(a)(1) (West Supp. 2012).

Slaven’s
primary argument throughout all of his first three issues is that the trial
court should have waived the court costs in all fifteen of his cases because he
is indigent and will indefinitely remain indigent because any future deposits
into his inmate account will be automatically withdrawn for the payment of
court costs.  However, each court cost charged to Slaven
is mandated by statute, and the trial court already waived two-thirds of the
court costs and restricted the amount that could be withdrawn each month. 
Furthermore, a convicted defendant’s indigency is not
relevant to the amount of court costs assessed when those court costs do not
include an obligation to pay court-appointed attorney’s fees under code of
criminal procedure article 26.05(g).  See Dissette
v. State, No. 09-11-00672-CR, 2012 WL 1249014, at *1 (Tex. App.—Beaumont
Apr. 11, 2012, no pet.) (mem.
op., not designated for publication); Auchincloss
v. State, No. 09-11-00673-CR, 2012 WL 1249412, at *1 (Tex. App.—Beaumont
Apr. 11, 2012, no pet.) (mem.
op., not designated for publication).  Because
the court costs are statutorily required, because they are not punitive,
because Slaven’s indigency
is not relevant to the statutorily mandated court costs other than attorney’s
fees, and because the trial court has granted significant relief to Slaven through reduction of the amount of court costs and
the manner in which they may be withdrawn from his inmate account, we hold that
the trial court did not abuse its discretion by declining to waive court costs
in all fifteen of Slaven’s cases.  We overrule
the remainder of Slaven’s first two issues and all of
his third issue.

C.  Remaining Issues

Slaven
argues in his fourth through seventh issues that the assessment of court costs
resulted from prosecutorial misconduct, retaliation by the district attorney
and district clerk, abuse of judicial discretion, and ineffective assistance of
counsel.  Specifically, Slaven contends that he
entered an open plea of guilty only on the belief that the State would waive
the assessment of all fines, fees, and costs; that the district attorney’s
office and clerk’s office have sought to impose costs against him with
“vindictive intent”; that his appointed criminal appellate attorney was not
competent and offered incorrect and misleading legal advice; and that the trial
court abused its discretion by declining to waive the remainder of the court
costs because of this alleged conduct.

As
discussed above, each of the court costs assessed against Slaven
is mandated by statute.  But more importantly, Slaven’s
fourth through seventh issues present criminal matters that must have been
brought, if at all, in the direct appeals of his criminal convictions.  See
Malone, 2012 WL 579472, at *3 (holding that Malone waived his challenge to
the assessment of costs by failing to pursue a direct appeal of his criminal
convictions) (citing Armstrong v. State, 340 S.W.3d
759, 767 (Tex. Crim. App. 2011)); see also Harrell, 286 S.W.3d at 321 (noting the due process Harrell received
through his criminal case concerning the amount of appointed-counsel fees and
court costs assessed); see generally Johnson v. State, No.
14-11-00693-CR, 2012 WL 4878803, at *1–3 (Tex. App.—Houston [14th Dist.] Oct.
16, 2012, no pet. h.) (addressing on direct appeal
from criminal conviction the sufficiency of evidence to support the assessment
of court costs).  We overrule Slaven’s fourth
through seventh issues.  See Malone, 2012 WL 579472, at *3.

III.  Conclusion

Having
overruled each of Slaven’s issues, we affirm the
trial court’s December 29, 2011 withdrawal order.

 

 

 

PER CURIAM

 

PANEL: 
GARDNER, MCCOY, and MEIER, JJ.

 

DELIVERED:  November
15, 2012

 

 














[1]See
Tex. R. App. P. 47.4.





[2]These
“orders” are not “‘order[s]’ in the traditional sense of a court order,
judgment, or decree issued after notice and hearing in either a civil or criminal
proceeding.”  Malone v. State, Nos. 02-10-00383-CV, 02-10-00384-CV,
02-10-00385-CV, 02-10-00386-CV, 02-10-00387-CV, 02-10-00388-CV, 02-10-00389-CV,
02-10-00390-CV, 2012 WL 579472, at *1 n.3 (Tex.
App.—Fort Worth Feb. 23, 2012, pet. denied) (mem. op.
on reh’g).  They are more in the nature of
notifications by a court that prison officials must withdraw sums according to
set percentages and at set times.  Id.





[3]Specifically,
the order required the initial withdrawal in each case to be fifteen percent of
the inmate account balance if the balance was $100 or below, twenty-five
percent of any balance between $100 and $500, and fifty percent of any balance
above $500.  Thereafter, the Department would withdraw ten percent of any
deposits into Slaven’s account until the balance of
all court costs is paid in full.





[4]In
other words, even though Slaven still must pay court
costs for five cases, the total amount of court costs taken from his trust
account in any given month cannot exceed ten percent of the account
balance.  If Slaven’s account balance is $15,
the Department can withdraw only $1.50 and equally apportion that $1.50 toward
the outstanding balance in the five cases.





[5]Article
1, section 13 prohibits excessive fines and cruel and unusual punishment. 
Tex. Const. art. 1, § 13.  Article 1, section 19
prohibits the deprivation or disenfranchisement of “life, liberty, property,
privileges or immunities . . . except by the due course of the law of the
land.”  Id. art. 1, § 19.





[6]We
express no opinion as to whether a trial court is required to conduct a hearing
on a motion contesting an order of withdrawal.





[7]The
title for each of the costs assessed is set forth exactly as it appears in the
document.