# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00550-CR

**Andrew Nicholas Sheppard, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 09-785-K26, HONORABLE PHILLIP O. VICK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Andrew Nicholas Sheppard was placed on deferred-adjudication community supervision after he pleaded guilty to one count of credit-card abuse. *See* Tex. Penal Code § 32.31 (credit card or debit card abuse); Tex. Code Crim. Proc. art. 42.12, § 5 (deferred adjudication; community supervision). Subsequently, the trial court found that appellant had violated the conditions of his supervision. The court revoked appellant's community supervision, adjudicated him guilty of credit-card abuse, and assessed his punishment at two years' confinement in state jail. *See* Tex. Code Crim. Proc. art. 42.12, § 5; *see also* Tex. Penal Code § 12.35 (state jail felony punishable by confinement in state jail for not more than two years or less than 180 days).

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967);

*Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75 (1988). Appellant's counsel provided appellant a copy of the brief along with a letter advising appellant of his right to examine the record and file a pro se brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. No pro se brief or other written response has been filed.

Having reviewed the record, including appellate counsel's brief and the record of the revocation proceedings, we find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious ground for review and that the appeal is frivolous. Counsel's motion to withdraw is granted.

We note, however, that the judgment adjudicating guilt contains clerical errors. First, the written judgment reflects "24 months in State Jail; 70 days jail credit; 1956.00 fine" as the "Terms of Plea Agreement." The record, however, demonstrates that this was not a plea-bargain case, and there was no plea agreement. The written judgment also indicates that appellant's "Plea to Motion to Adjudicate" was "True" and that "upon being asked by the Court as to how the defendant pleaded, [appellant] entered a plea of **True** to the allegations in the motion to revoke." The record reflects, however, that Appellant, pleaded "not true" to the allegations in the State's First Amended Motion to Adjudicate. In addition, the written judgment imposes a fine of $1,956.00, but the record reflects that the trial court declined to impose a fine, stating "I'm not going to add a fine to [the jail term]. You have enough money problems now anyway." *See Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (when orally pronounced sentence and sentence in written judgment vary, oral pronouncement controls). Finally, the written judgment imposes $500 in restitution even though no restitution was included in the trial court's oral pronouncement of

2

sentence. *See id.*; *see also Weir v. State*, 278 S.W.3d 364, 365–367 (Tex. Crim. App. 2009) (distinguishing "court costs" from other assessments, including restitution, which are punitive in nature and thus considered part of sentence). This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment by (1) deleting "24 months in State Jail; 70 days jail credit; 1956.00 fine" as the "Terms of Plea Agreement" and substituting "Not Applicable" as the "Terms of Plea Agreement"; (2) deleting "True" as the appellant's "Plea to Motion to Adjudicate" and substituting a plea of "Not True"; (3) deleting the statement that appellant "entered a plea of **True** to the allegations in the motion to revoke" and substituting the statement that appellant "entered a plea of **Not True** to the allegations in the motion to revoke"; (4) striking the provision requiring appellant to pay a fine of $1,956; and (5) striking the provision requiring appellant to pay restitution.

As modified, the judgment is affirmed.

_____
J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Modified and, as Modified, Affirmed

Filed: February 4, 2014

Do Not Publish

3