

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0616-08

### DAVID EUGENE WEIR, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### BELL COUNTY

**HERVEY, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

After revoking appellant's community supervision and adjudicating him guilty of burglary of a building, the trial court orally sentenced appellant, as an habitual offender, to ten years in prison. The trial court's written judgment contained this ten-year sentence and also required appellant to pay $530 in court costs. Appellant claimed on direct appeal that the court-costs provision in the written judgment is invalid and had to be deleted because court costs are punitive and part of the sentence and therefore had to be included in the trial court's oral pronouncement of sentence as a precondition to their inclusion in the trial court's written judgment. *See Ex parte Madding*, 70 S.W.3d 131, 135

(Tex.Cr.App. 2002) (when orally pronounced sentence and sentence in written judgment vary, the oral pronouncement controls). The court of appeals agreed that the court-costs provision in the trial court's written judgment had to be deleted after deciding that court costs are "at least in part" punitive and part of the sentence because court costs are assessed "only against convicted defendants" under the applicable statutes.[1] *See Weir v. State*, 252 S.W.3d 85, 88-90 (Tex.App.–Austin 2008). We exercised our discretionary authority to review this decision.[2]

The State argues that an order to pay court costs is a nonpunitive "matter of recoupment of the costs of judicial resources expended in connection with the trial of the case" and that the legislative requirement that only convicted defendants pay court costs "does not, in and of itself, make such payment a sentencing issue." We agree with the State that the legislative requirement that only convicted defendants pay court costs does not by itself indicate that these costs were intended by the Legislature to be punitive and part of the sentence.[3] We also agree with the State that Section 102.021(1) of the Texas Government Code, authorizing an assessment of court costs against convicted defendants, was intended by the Legislature as a nonpunitive "recoupment of the costs of

---

[1] *See, e.g.,* § 102.021(1), TEX. GOV'T CODE (setting out court costs that "person convicted of an offense" shall pay).

[2] The ground upon which we granted review presents the issue of "whether or not the assessment of court costs is part of the punishment and sentencing that must be included in the oral pronouncement of sentence in order to be included in the written judgment of the trial court."

[3] Under the court of appeals' analysis, anything assessed "only against convicted defendants" would be considered "at least in part" punitive and part of the sentence. This, however, would be inconsistent with our prior decisions such as *Ex parte Huskins* holding that a deadly-weapon finding, which is assessed "only against convicted defendants," is not part of the sentence. *See Ex parte Huskins*, 176 S.W.3d 818, 820-21 (Tex.Cr.App. 2005).

judicial resources expended in connection with the trial of the case." *See also People v. Jones*, 861 N.E.2d 967, 975 (Ill. 2006) (unlike a punitive "fine" imposed as part of a convicted defendant's sentence, a "cost" does not punish a defendant, but instead is a collateral consequence of the defendant's conviction that is compensatory in nature); *State v. Kula*, 635 N.W.2d 252 (Neb. 2001) ("costs" are purely compensatory and not punitive).[4]

In deciding that court costs were not intended by the Legislature to be punitive, we also believe it relevant that the Legislature has not treated court costs like it has the fines imposed pursuant to Chapter 12 of the Texas Penal Code, which is entitled "Punishments." Unlike court costs imposed under Section 102.021 of the Texas Government Code, which is entitled "Court Costs on Conviction," fines imposed under Chapter 12 of the Texas Penal Code are labeled "fines" by the Legislature and are clearly punitive in nature. *See Jones*, 861 N.E.2d at 981-82 (statutory "$100 Trauma Fund charge" was a punitive "fine" in part because the statute called it a "fine").[5]

It is also relevant that the Legislature and this Court have treated court costs differently from

---

[4] We further note that court costs assessed against the losing party in civil litigation are considered compensatory and are also assessed separately from an award of punitive damages in cases in which punitive damages are awarded. *See, e.g., Willow Inn, Inc. v. Public Service Mut. Ins. Co.*, 399 F.3d 224, 236 (6th Cir. 2005) (compensatory damages include court costs and attorney fees); *Guill v. Commissioner of Internal Revenue*, 112 T.C. 325 (1999) (discussing differing tax consequences of punitive damages award and award of court costs). This is also an indication that court costs are not punitive.

[5] We note that Article 42.15, TEX. CODE CRIM. PROC., entitled "Fines," provides that "[w]hen the defendant is fined, the judgment shall be that the defendant pay the amount of the fine and all costs to the state." This could be read as an indication that the Legislature has intended to treat fines and costs similarly for sentencing purposes. We decline to so construe Article 42.15, instead construing it as treating fines and costs similarly only in terms of where they are to be paid.

restitution, which is also punitive.[6] Unlike court costs imposed under Section 102.021 of the Texas Government Code, the statute in the Code of Criminal Procedure authorizing restitution, Article 42.037(a), TEX. CODE CRIM. PROC., provides that a trial court may order the convicted defendant to make restitution to any victim of the offense "[i]n addition to any fine authorized by law." *See Jones*, 861 N.E.2d at 981-82 ($100 Trauma Fund charge was punitive fine because statute called it a "fine" and also referred to it as an "addition to" a "penalty" which clearly was not intended to reimburse the State for any expense of prosecution or investigation); *see also Kelly v. Robinson*, 479 U.S. 36, 49 n.10 (1986) ("Restitution is an effective rehabilitative penalty because it forces the defendant to confront, in concrete terms, the harm his actions have caused. Such a penalty will affect the defendant differently than a traditional fine, paid to the State as an abstract and impersonal entity, and often calculated without regard to the harm the defendant has caused."); *Cabla v. State*, 6 S.W.3d 543, 545 (Tex.Cr.App. 1999) (restitution was intended to adequately compensate the victim of an offense "in the course of punishing the criminal offender").

We also note that requiring a convicted defendant to pay court costs, like entry of a deadly-weapon finding, "does not alter the range of punishment to which the defendant is subject, or the number of years assessed."[7] We further note that a trial court's assessment of court costs against a convicted defendant in its written judgment without orally pronouncing these at sentencing is not at all like a trial court orally pronouncing that a defendant's multiple sentences would run

---

[6]

*See Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex.Cr.App. 2006) (noting that this Court has "held that restitution is punishment").

[7]

*See Huskins*, 176 S.W.3d at 821 (deadly-weapon finding is not part of the sentence because it does not alter the defendant's range of punishment or the number of years assessed); *State v. Ross*, 953 S.W.2d 748, 752 (Tex.Cr.App. 1997) (same).

concurrently and then, without any notice to the defendant, running these sentences consecutively in its written judgment.[8] Based on the foregoing, we hold that court costs are not punitive and, therefore, did not have to be included in the oral pronouncement of sentence in this case as a precondition to their inclusion in the trial court's written judgment.

The judgment of the court of appeals is affirmed in part and reversed in part. That part of its judgment deleting the trial court's order requiring appellant to pay court costs is reversed. The remainder of its judgment is affirmed.[9]


Hervey, J.


Delivered: March 11, 2009
Publish

---

[8]

*See Madding*, 70 S.W.3d at 135-36 (trial court's oral pronouncement that defendant's multiple sentences would run concurrently and then running these sentences consecutively in its written judgment violates due process under the legal proposition that "a defendant is constitutionally entitled to due process. At a bare minimum, due process requires that a defendant be given notice of the punishment to which he has been sentenced. [Footnote omitted] To orally pronounce one sentence to a defendant's face and then to sign a written judgment more than a month later, when the defendant is not present, that embodies an extravagantly different and more severe sentence than the oral sentence, violates any notion of constitutional due process and fair notice. A defendant has a due process 'legitimate expectation' that the sentence he heard orally pronounced in the courtroom is the same sentence that he will be required to serve."); *Ross*, 953 S.W.2d at 750 (sentence includes, among other things, that a defendant's term of imprisonment is concurrent).

[9]

We note that the trial court also ordered appellant to pay $14,090.59 in restitution in its written judgment without orally pronouncing this as part of appellant's sentence and that the court of appeals modified the trial court's written judgment to delete the assessment of restitution in addition to the court costs of $530. *See Weir*, 252 S.W.3d at 87, 90. The State has not challenged the court of appeals' decision with respect to the restitution issue.