

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-295-CR
### NO. 2-08-296-CR
### NO. 2-08-297-CR

RANDOLPH HOBBS JR.                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Randolph Hobbs Jr. was charged with burglary of a habitation in three separate cause numbers. Hobbs entered open pleas of guilty to all three offenses and pleaded true to the enhancement paragraphs in each indictment. After a punishment hearing, the trial court orally sentenced Hobbs to thirty years' imprisonment for each conviction and ordered the sentences to run concurrently. The trial court's written judgments reflect these sentences

---

[1] *See* Tex. R. App. P. 47.4.

and also require Hobbs to pay court costs totaling $832.00 for all three causes. In a single issue, Hobbs argues the trial court's written judgments should be reformed to delete the requirement that Hobbs pay court costs because court costs were not announced in open court as part of the sentences.

As the State points out, during the pendency of this appeal, the Texas Court of Criminal Appeals directly addressed this issue and held that court costs are not punitive and, consequently, do not have to be included in the oral pronouncement of the sentence in order to be included in the trial court's written judgment. *Weir v. State*, No. PD-0616-08, 2009 WL 605362, at *2 (Tex. Crim. App. Mar. 11, 2009). The court noted that the legislature intended that the assessment of court costs against a convicted defendant be "a nonpunitive 'recoupment of the costs of judicial resources expended in connection with the trial of the case'" and that requiring a defendant to pay court costs "does not alter the range of punishment to which the defendant is subject, or the number of years assessed." *Id.* at *1–2 (citations omitted).

This court is bound by the precedent of the Texas Court of Criminal Appeals and has no authority to disregard or overrule it. *Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007). Consequently, we hold that the trial court did not need to announce court costs as part of the sentences in order to include them in the

2

written judgments.  *See Weir*, 2009 WL 605362, at *2.  We overrule Hobbs's sole issue and affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 16, 2009