COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-08-295-CR

                                        NO.
2-08-296-CR

                                        NO.
2-08-297-CR

 

 

RANDOLPH HOBBS JR.                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Randolph Hobbs Jr. was charged with
burglary of a habitation in three separate cause numbers.  Hobbs entered open pleas of guilty to all
three offenses and pleaded true to the enhancement paragraphs in each
indictment.  After a punishment hearing,
the trial court orally sentenced Hobbs to thirty years=
imprisonment for each conviction and ordered the sentences to run
concurrently.  The trial court=s
written judgments reflect these sentences and also require Hobbs to pay court
costs totaling $832.00 for all three causes. 
In a single issue, Hobbs argues the trial court=s
written judgments should be reformed to delete the requirement that Hobbs pay
court costs because court costs were not announced in open court as part of the
sentences.

As the State points out, during the pendency of
this appeal, the Texas Court of Criminal Appeals directly addressed this issue
and held that court costs are not punitive and, consequently, do not have to be
included in the oral pronouncement of the sentence in order to be included in
the trial court=s written judgment.  Weir v. State, No. PD-0616-08, 2009 WL
605362, at *2 (Tex. Crim. App. Mar. 11, 2009). 
The court noted that the legislature intended that the assessment of
court costs against a convicted defendant be Aa
nonpunitive >recoupment of the costs of
judicial resources expended in connection with the trial of the case=@ and
that requiring a defendant to pay court costs Adoes not
alter the range of punishment to which the defendant is subject, or the number
of years assessed.@ 
Id. at *1B2 (citations omitted).

This court is bound by the precedent of the Texas
Court of Criminal Appeals and has no authority to disregard or overrule
it.  Sierra v. State, 157 S.W.3d
52, 60 (Tex. App.CFort Worth 2004), aff'd,  218 S.W.3d 85 (Tex. Crim. App. 2007).  Consequently, we hold that the trial court
did not need to announce court costs as part of the sentences in order to
include them in the








written judgments.  See Weir,
2009 WL 605362, at *2.  We overrule Hobbs=s sole
issue and affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL: LIVINGSTON,
DAUPHINOT, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: April 16, 2009

 

 

 

 











[1]See Tex. R. App. P. 47.4.