NO. 07-08-0010-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 21, 2009
_____

MAURICE LESLIE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 52ND DISTRICT COURT OF CORYELL COUNTY;

NO. 18160; HONORABLE PHILLIP ZEIGLER, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Maurice Leslie, was convicted of unlawful possession of a firearm by a felon. Appellant was sentenced to incarceration in the Institutional Division of the Texas Department of Criminal Justice for 10 years. By one issue, appellant requests this court to reform the trial court's judgment. We affirm.

Factual and Procedural Background

Appellant does not challenge the legal or factual sufficiency of the evidence presented to the trial court, therefore, only so much of the factual background will be discussed as is relevant to our decision. After a jury had found appellant guilty of the offense of possession of a firearm by a felon, appellant elected to proceed before the trial court alone on the issue of punishment. At the conclusion of the presentation of evidence on the issue of punishment, the trial court made the following pronouncement from the bench, "All right, Mr. Leslie, you are hereby sentenced to serve ten years in the institutional division, the Department of Criminal Justice." Subsequently, when the judgment was signed and entered by the trial court, court costs in the amount of $228.00 was added to the judgment. Appellant complains of this variance between the oral pronouncement of judgment and the written judgment. Appellant contends that the oral pronouncement of judgment controls and that we must, therefore, reform the judgment to remove the assessment of court costs. We decline to do so and affirm the judgment.

Discussion

The record clearly reflects that the trial court never mentioned court costs at the time of oral pronouncement of sentence. Appellant posits that the oral pronouncement of sentence trumps the written judgment and we must reform the judgment to remove the assessment of court costs. See Coffey v. State, 979 S.W.2d 326, 328 (Tex.Crim.App. 1989) (concluding that, when there is a variation between the oral pronouncement of

2

sentence and the written memorialization of the sentence, the oral pronouncement controls).

However, the Texas Court of Criminal Appeals recently revisited the issue in the context of court costs and the failure to include court costs as part of the oral pronouncement of judgment. See Weir v. State, No. PD-0616-08, 2009 WL 605362 (Tex.Crim.App. March 11, 2009). After addressing the legislative history of the court costs provisions of the Government Code and the Texas Code of Criminal Procedure, the Court held that, "court costs are not punitive and, therefore, did not have to be included in the oral pronouncement of sentence as a precondition to their inclusion in the trial court's written judgment." Id. at *2. Accordingly, appellant's request that we modify the judgment to delete the assessment of court costs is denied and we overrule appellant's issue.

Conclusion

Having overruled appellant's issue, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

3