NO. 07-09-00091-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 29, 2010

ALTON ARMSTRONG, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,712-C; HONORABLE ANA ESTEVEZ, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Alton Armstrong, appeals from an adjudication of guilt of the offense of aggravated assault with a deadly weapon.[1]  Through three issues, appellant generally contests court costs assessed against him.  We overrule appellant's first issue, decline to address the remaining issues, and affirm the trial court's judgment.

---

[1] See TEX. PENAL CODE ANN. § 22.02(a)(2)(Vernon Supp. 2009).

## Factual and Procedural Background

On August 8, 2005, appellant entered a plea of guilty to the offense of aggravated assault with a deadly weapon pursuant to a plea agreement. As part of the plea agreement, no finding of guilt was entered against appellant, and he was placed on deferred adjudication community supervision for two years. Subsequently, the community supervision order was amended on January 25, 2006, and again on July 6, 2007. Thereafter, the State filed a motion to proceed to adjudication on April 23, 2008. This resulted in an order, entered on August 11, 2008, continuing appellant on community supervision but modifying and extending the community supervision. On October 17, 2008, the trial court again entered an order amending the terms and conditions of community supervision. Finally, on November 18, 2008, the State filed a motion to proceed to adjudication that resulted in the judgment from which appellant appeals. At the hearing on the State's motion, on February 26, 2009, appellant pleaded true to the allegations specifying the violations of community supervision alleged by the State. The trial court sentenced appellant to serve six years in the Institutional Division of the Texas Department of Criminal Justice.

The essence of appellant's issues concerns the relationship between the written judgment and the bill of cost submitted by the district clerk. His first issue asks this Court to determine whether, absent written or oral incorporation of the bill of costs in the judgment, the bill of costs is part of the judgment or otherwise of any effect. Second, appellant asks whether, if the bill of cost has any effect, there is sufficient evidence in the record to support an order for appellant to pay court-appointed attorney's fees.

Finally, appellant asks, in the alternative, whether the bill of costs constitutes an order that appellant pay a specific sum in court-appointed attorney's fees.

Assessment of Court Costs

By his first issue, Appellant contends that, absent incorporation by reference in the judgment,[2] the clerk's bill of costs is of no force or effect. The judgment in question orders appellant to pay "all fines, court costs, and restitution as indicated above," but the "court costs" field in the judgment is blank. The clerk's record contains a bill of costs issued by the district clerk reflecting total costs of $2,258.00.

Except for $1,900.00 in attorney's fees for his court-appointed attorneys, which we address later in this opinion, all the costs listed on the clerk's bill of costs appear to be among those listed in section 102.021 or section 102.041 of the Government Code. TEX. GOV'T CODE ANN. §§ 102.021, 102.041 (Vernon 2005 and Supp. 2009). The obligation of a person to pay such costs, and the obligation of the court clerk to collect them, is established by statute, not court order. See, e.g., TEX. CODE CRIM. PROC. ANN. art. 102.005 (Vernon 2005) (providing, as to fee for services of the clerk of the court, that a defendant convicted in the court "shall pay" the fee); TEX. GOV'T CODE ANN. § 102.021 (providing "clerk of a district court shall collect fees and costs on conviction of a defendant").

As stated by the Texas Court of Criminal Appeals, those fees are an assessment against a convicted defendant, not as an additional penalty for the crime committed, but

---

[2] Appellant contrasts the judgment in this case with that in Perez v. State, 280 S.W.3d 886, 887 (Tex.App.—Amarillo 2009, no pet.), which ordered that the State "recover of the defendant all costs in this proceeding incurred, as set out in the Bill of Costs attached hereto. . . ."

3

as a non-punitive "recoupment of the costs of judicial resources expended in connection with the trial of the case." Weir v State, 278 S.W.3d 364, 366 (Tex.Crim.App. 2009). Because those costs are non-punitive, the court held they did not have to be included in the trial court's oral pronouncement of sentence as a precondition to their inclusion in the trial court's written judgment. Id. at 367. We further conclude that because the costs, other than the attorney's fees, of which appellant complains are his predetermined, legislatively-mandated obligations, resulting from his conviction, the clerk's certified bill of costs imposes an obligation upon him to pay the costs, again other than attorney's fees, whether or not that bill is incorporated by reference into the judgment. Id. at 366. Accordingly, we overrule appellant's first issue.

## Collection of Costs

Appellant's remaining two conditional issues are more nearly related to the terms of the trial court's judgment, but we find we are not permitted to address these matters in this appeal because they concern collection, rather than assessment, of costs. Our high courts have drawn a distinction between these two matters, and we adhere to that distinction by respectfully declining to address civil matters in this direct appeal from a criminal conviction. See Harrell, 286 S.W.3d at 318; Johnson, 280 S.W.3d at 869.

So, to the extent that appellant's issues raise matters relating to the ability to collect costs, we do not address such matters; they are properly a matter for a civil proceeding related to the collection of costs under the procedure outlined by the Texas Government Code. See TEX. GOV'T CODE ANN. § 501.014(e) (Vernon Supp. 2009). In the record before us, there is no order from the convicting court authorizing withdrawal

4

of funds from appellant's inmate trust account.[3]  In other words, no effort has been made to collect these costs.  Consequently, any analysis concerning the ability to collect costs would be advisory in nature, and we will not render such a judgment.

"Judicial power is the power of a court to decide and pronounce a judgment and carry it into effect between persons and parties who bring a case before it for a decision."  Garrett v. State, 749 S.W.2d 784, 803 (Tex.Crim.App. 1988) (op. on reh'g).  Judicial power does not include the power to issue advisory opinions.  Id.  The underlying case between the parties is not one that involves questions of collection of court costs.  Any attempt to address issues concerning the ability to collect court costs would result in the rendering of an advisory opinion because we are not faced with an appeal of an order authorizing the withdrawal of funds from appellant's trust account, a matter of enforcement or collection and outside the purview of a direct appeal of a criminal conviction.  See Harrell, 286 S.W.3d at 318.  That said, we do not address the substance of appellant's second and third conditional issues.  See Dix v. State, 289 S.W.3d 333, 335 (Tex.App.—Eastland 2009, pet. ref'd) (noting that appellant did not contend that trial court erred and did not challenge his conviction and declining to address points of error that would result in an advisory opinion); see also TEX. R. APP. P. 47.1 (requiring appellate court to address "every issue raised and necessary to final disposition of the appeal").

---

[3] Our law permits the Texas Department of Criminal Justice to withdraw funds from an inmate's trust account when such has been authorized by the trial court of conviction and is pursuant to an order by the court to pay items included in a prioritized statutory list.  TEX. GOV'T CODE ANN. § 501.014(e).

Conclusion

Having overruled appellant's first issue and having determined that we may not address the remaining issues concerning the collection of court costs, we affirm the trial court's judgment.


Mackey K. Hancock
Justice

Pirtle, J., concurring.


Publish.