IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,492-01






EX PARTE THOMAS EDISON GARDINER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 29797 IN THE 3RD DISTRICT COURT


FROM ANDERSON COUNTY






 Per curiam.

 


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felony driving
while intoxicated and was sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant complains of court costs imposed by the trial court. He alleges the trial court was
without jurisdiction to impose them, and he claims his plea was not voluntary because his trial
counsel told him he would not have to pay them because "[I]t was specifically agreed to that there
would be no fines, attorney fees or costs of court." He alleges he would not have pleaded guilty and
would have insisted on going to trial had trial counsel admonished him that costs could later be
imposed.

 Statutory costs, other than attorney's fees, are predetermined, legislatively-mandated
obligations that result at the time of conviction. Armstrong v. State, 340 S.W.3d 759 (Tex. Crim.
App. 2011); Tex. Gov't Code § 102.021. These costs are not punitive, they do not have to be
included in the oral pronouncement of sentence, and they do not have to be reflected on the
judgment. Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Indeed, "A cost is not
payable by the person charged with the cost until a written bill is produced or is ready to be
produced, containing the items of cost, signed by the officer who charged the cost or the officer who
is entitled to receive payment of the cost." Tex. Code Crim. Proc. art. 103.001. Although not
required, the trial court was within its authority to reflect in a nunc pro tunc judgment the court costs
assessed against Applicant in the bill of costs.

 Nonetheless, Applicant alleges trial counsel informed him there would not be an assessment
of costs against Applicant, and it appears he alleges the non-payment of court costs was part of the
plea agreement. In any event, he claims he would not have pleaded guilty if he knew court costs
could be imposed. The writ record provided to this Court contains no affidavit from trial counsel
responding to the claim or Applicant's plea-agreement documents. Involuntary-plea claims are
cognizable on habeas review, but there is a presumption of regularity with respect to the plea
proceeding. Ex parte Wilson, 716 S.W.2d 953 (Tex. Crim. App. 1986). A plea of guilty entered by
an applicant fully aware of the direct consequences must stand unless induced by threats,
misrepresentation, or perhaps by improper promises. Ex parte Morrow, 952 S.W.2d 530, 534 (Tex.
Crim. App. 1997).

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: May 23, 2012

Do not publish