# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00356-CR
## NO. 03-13-00357-CR

**Marcus Terrell Drisker, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NOS. 70674 & 70675, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Marcus Terrell Drisker pleaded guilty to endangering a child and aggravated assault with a deadly weapon. *See* Tex. Penal Code §§ 22.02, 22.041. The trial court accepted Drisker's pleas, convicted him of both offenses, and sentenced him to two years' confinement in a state jail facility for endangering a child and twenty years' imprisonment for aggravated assault, with the sentences to run concurrently. On appeal, Drisker asserts that the trial court erred in assessing certain court costs that were not part of the court's oral pronouncement of sentence. We affirm the judgment of the trial court.

**DISCUSSION**

In his sole issue on appeal, Drisker argues that the majority of the court costs assessed against him are in fact punitive fines.[1] Specifically, Drisker claims that the disputed court costs compensate the trial court for expenses that were not directly incurred as a result of his prosecution, and therefore the assessment of these costs operates as an additional punishment for Drisker. Thus, according to Drisker, the trial court was required to announce these punitive fines during its oral pronouncement of sentence, and because the trial court failed to do so, the fines are invalid.

Generally, a trial court's "judgment, including the sentence assessed, is merely the written declaration and embodiment of" the court's oral pronouncement of sentence. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Therefore, "[w]hen the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls." *Id.* Appellate courts should reform any inconsistencies in the written judgment relating to punishment to be consistent with the trial court's oral pronouncement. *See id.* (deleting written judgment's order requiring sentences to run consecutively when trial court orally stated that sentences would run concurrently).

However, as the court of criminal appeals has explained, "court costs are not punitive and, therefore, [do] not have to be included in the oral pronouncement of sentence . . . ." *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Unlike restitution or other "fines" that

---

[1] Our resolution of this appellate issue does not implicate the underlying facts of Drisker's convictions. Therefore, we will repeat only those facts that are necessary to our disposition of this appeal. *See* Tex. R. App. P. 47.1 (requiring appellate courts to hand down opinions that are as brief as possible while addressing every issue necessary to disposition of appeal).

a trial court may impose, "an assessment of court costs against convicted defendants"—imposed by statute—"was intended by the Legislature as a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *See id.* at 367 (internal quotations omitted); *see also* Tex. Gov't Code § 102.021 (requiring defendant convicted of offense to pay court costs listed in chapter 102 of the Code of Criminal Procedure). Assessing these statutorily authorized court costs "does not alter the range of punishment to which a defendant is subject," and therefore determining court costs after the trial court has orally pronounced sentence does not deprive the defendant of notice of his punishment. *Weir*, 278 S.W.3d at 367 (internal quotations omitted).

In this case, the district clerk submitted a certified "bill of costs" for $246.00, listing eleven mandatory court costs[2] that Drisker was required to pay under either chapter 121 of the Code of Criminal Procedure or chapter 133 of the Local Government Code.[3] *See* Tex. Code Crim. Proc.

---

[2] Statutorily authorized court costs "can be separated into two categories: (1) mandatory costs and (2) discretionary costs." *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Discretionary costs, such as attorney's fees, may be imposed if the trial court determines that the defendant has sufficient financial means to pay them. *See id.* (quoting Tex. Code Crim. Proc. art. 26.05(g)). Mandatory costs, on the other hand, are "predetermined, legislatively mandated obligation[s] imposed upon conviction." *Id.* The specific amount of these mandatory court costs is "published publicly in the laws of the State of Texas," defendants have constructive notice of these costs, and therefore the amount of these court costs need not be independently proven at trial. *See id.* (noting that unlike discretionary court costs, mandatory costs are imposed if "certain conditions precedent are met.").

[3] The bill of costs includes $40.00 for the "District Clerk," *see* Tex. Code Crim. Proc. art. 102.005(a); $25.00 for the "Sheriff," *see id.* art. 102.011 (listing several mandatory court costs for services provided by peace officer); $4.00 for the "Clerk Court Technology Fund," *see id.* art. 102.0169(d); $5.00 for "Courthouse Security," *see id.* art. 102.017(a); $2.50 for the district clerk's record preservation, *see id.* art. 102.005(f)(2); $22.50 for the record management and preservation fund, *see id.* art. 102.005(f)(1); $4.00 for the "Jury Service Fund," *see id.* art. 102.0045(a); $6.00 for "Judiciary Support," *see* Tex. Loc. Gov't Code § 133.105(a); $133.00 as a consolidated fee, *see id.* § 133.102(a)(1); $2.00 to support indigent defense representation, *see id.* § 133.107(a); and a $2.00 administrative transaction fee, *see* Tex. Code Crim. Proc. art. 102.072.

art. 103.001 (requiring court to produce certified bill of court costs before seeking collection); *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) ("Court costs listed in a certified bill of costs need neither be orally pronounced nor incorporated by reference in the judgment to be effective."). The trial court included this $246.00 for court costs in its written judgment.

On appeal, Drisker does not claim that the trial court's written judgment exceeds the amount reflected in the bill of costs. *See Johnson*, 423 S.W.3d at 394–95 (concluding that certified bill of cost is sufficient basis for assessing court costs). Rather, Drisker argues that nine out of the eleven mandatory court costs included in the bill of costs "do not directly compensate anyone associated with [his] case," and therefore these court costs operate as a punitive fine. For example, Drisker notes that he waived his right to a jury trial, and therefore he claims that he should not have to pay $4.00 "to reimburse counties for the cost of juror services" as mandated by article 102.0045(a) of the Code of Criminal Procedure.[4] Similarly, Drisker argues that there is no evidence that courtroom security costs, such as bulletproof glass or metal detectors, were expenses incurred as a result of his case, and thus he should not be required to pay the $5.00 for courthouse security mandated by article 102.017. We understand Drisker's argument to mean that because these mandatory court costs do not offset a courtroom expenditure directly incurred as a result of his prosecution, the imposition of these costs on Drisker is punitive.

Drisker does not cite to any relevant legal authority that would support his argument that mandatory costs should be assessed only when they offset an expenditure directly incurred in

---

[4] Similarly, Drisker argues that the fee for the Sheriff's services, the clerk-court-technology fee, the courthouse-security fee, the record-management and preservation fee, the judiciary-support fee, the consolidated-service fee, and the indigent-defense-support fee do not relate to costs directly associated with his criminal prosecution. *See supra* n.3.

a specific case. Furthermore, requiring such an individualized connection between each mandatory cost and the particular case would be inconsistent with the mandatory-court-cost statutes. *See Johnson*, 423 S.W.3d at 389. These mandatory court costs—including such services as courthouse security, maintaining and updating computer resources, and record preservation—relate to judicial expenditures that are essential to the safe and efficient operation of any courtroom. *See* Tex. Code Crim. Proc. arts. 102.005(f)(2), 102.0169(d), 102.017(a). Although these fixed costs may not be directly attributable to any one criminal case, they are nevertheless an inescapable cost to judicial resources. Therefore the legislature can properly require convicted defendants to offset these overhead expenses through the mandatory-court-cost statutes. *See Weir*, 278 S.W.3d at 367.

We conclude that the mandatory-court-cost statutes are compensatory in nature, regardless of whether they offset a cost directly attributable to Drisker's prosecution. Drisker's argument that these mandatory court costs are punitive is without merit. *See id.* We overrule Drisker's sole issue on appeal.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed: August 14, 2014

Do Not Publish

5