

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-12-00637-CR

ISRAEL MEZA                                                              APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1259657D

----------

## MEMORANDUM OPINION[1]

----------

In a bench trial, Appellant Israel Meza entered an open plea of guilty to the offense of aggravated robbery with a deadly weapon. After ordering a presentence investigation report (PSI) and holding a hearing, the trial court sentenced Appellant to twenty-five years' confinement. Appellant brings two issues on appeal, challenging the trial court's order to reimburse the county for

---

[1]*See* Tex. R. App. P. 47.4.

appointed attorney's fees and the trial court's order to pay court costs. We affirm.

## *Helms* Rule

The State argues as to both of Appellant's issues that "Appellant raises his claims following a non-negotiated guilty plea and, therefore, post-*Helms*, waived the right to appeal a claim of error when the judgment of guilt was rendered independent of and not supported by the error." The State is mistaken. Appellant challenges the sufficiency of the evidence to support a conclusion that Appellant had sufficient financial resources to pay court costs and court-appointed attorney's fees, as well as the sufficiency of the evidence to prove those costs and fees. Such a sufficiency claim may be raised for the first time on appeal. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).

## Relevant Facts

In November 2011, Appellant filed an affidavit of indigency, and the trial court appointed counsel to represent Appellant. In April 2012, Appellant, who had been released on bail, filed updated financial information with the court. He continued to be represented by appointed counsel, but in June 2012, the trial court determined that Appellant was financially able to reimburse the county for court-appointed counsel at the rate of $100 per month and ordered him to make such payments beginning July 1, 2012. The order was open-ended, ordering no

specific total amount of attorney's fees, but it required Appellant to make such payments until further order of the trial court.

When Appellant was sentenced on December 14, 2012, the trial court again found that Appellant was indigent and appointed him counsel on appeal. In informing Appellant of his right to appointed counsel if he was unable to pay for counsel, the trial court assured Appellant, "I'll appoint a lawyer for you on the appeal at no cost to you. Further, if you cannot afford a copy of the transcript, one will be provided to you at no cost." The costs that Appellant was ordered to pay in the final judgment do not include attorney's fees.

### Reimbursement for Court-Appointed Attorney

In his first issue, Appellant argues that the evidence is insufficient to show that he had sufficient financial resources to pay the cost of his legal representation and that there is no evidence of the legal services provided him or the value of those services that would allow the trial court to determine whether he could pay that amount. Neither the judgment nor the bill of costs imposes a requirement that Appellant pay attorney's fees post-conviction, and neither the State nor Appellant directs us to any such post-conviction requirement. We therefore review this issue solely as a challenge to the trial court's June 13, 2012 finding that Appellant had financial resources enabling him to offset the costs of legal services and corresponding order that he pay $100 per month into the court's registry for attorney's fees. Contrary to the State's contention, this issue may be raised first on appeal. *See Mayer*, 309 S.W.3d at 556.

3

Article 26.05(g) of the Texas Code of Criminal Procedure provides,

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2014). After Appellant was released on bail, he filed a second affidavit of indigency. In the affidavit, he stated that he was working for his father and therefore had income. The expenses that he claimed conflicted with his original affidavit. In the original, he stated that he was not married, lived with his parents, supported only himself, and had no expenses. In his second affidavit, he still stated that he lived with his parents, but he claimed to support his three-year-old son and also claimed as expenses the cost of gasoline for his girlfriend's car, diapers, and his girlfriend's cell phone. He did not claim his girlfriend as a dependent. The trial court again found that Appellant qualified for court-appointed counsel but also recognized that his income would allow him to pay $100 per month toward the cost of his attorney.

The supplemental clerk's record contains an itemized bill of $2,200 submitted by his trial counsel, showing his non-evidentiary appearances, evidentiary appearances, and out-of-court time. The supplemental clerk's record further shows that the trial court authorized the auditor to pay that amount on December 17, 2012. Additionally, the supplemental clerk's record shows payment by Appellant of a total of $400 in trial attorney fees.

4

Accordingly, the record supports the finding that Appellant had sufficient financial resources to pay $100 per month in attorney's fees while the case was pending in the trial court and the trial court's corresponding order that Appellant pay $100 per month in attorney's fees. *See Mayer*, 309 S.W.3d at 557. We overrule Appellant's first issue.

### Court Costs

In his second issue, Appellant argues that the trial court erred in ordering him to pay $284 in court costs because that amount differs from the oral pronouncement of $274, thus indicating that the court costs ordered are merely a guess or an estimate, which is improper. Again, the State's contention that Appellant forfeited this issue by raising it for the first time on appeal has been rejected by the Texas Court of Criminal Appeals. *See Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Court costs are not punitive. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Rather, they are a form of reimbursement to the State of Texas for the judicial costs incurred in disposing of the case. *Id.* at 366. Because court costs are not punitive, they need not be included in the oral pronouncement of sentence. *Id.* at 367. Further, the supplemental clerk's record contains a bill of costs providing that the court costs are $284 and a computerized "List of Fee Breakdowns" showing the various fees making up the $284, thus providing a basis in the record for the amount of costs. *See Johnson*, 423 S.W.3d at 390. We overrule Appellant's second issue.

5

## Conclusion

Having overruled Appellant's two issues, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

LIVINGSTON, C.J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 6, 2014

6