**AFFIRM; and Opinion Filed July 21, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00975-CR

### WILLIAM AARON MERRIFIELD, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F16-54208-Y**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

William Aaron Merrifield waived a jury, pleaded guilty to possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams, and pleaded true to one enhancement paragraph included in the indictment. After finding appellant guilty and the enhancement paragraph true, the trial court assessed punishment at fifteen years' imprisonment. The trial court's judgment also orders appellant to pay $309 in court costs. In a single issue, appellant contends the trial court erred in ordering him to pay court costs because he is indigent. We affirm the trial court's judgment.

Appellant argues that because he had already been found to be indigent, the trial court erred in assessing court costs. Appellant asserts there was no evidence presented that he had the ability to pay costs, and the trial court did not inquire about his financial resources or his ability

to pay. The State responds that the trial court did not err in assessing court costs because it may assess costs regardless of a defendant's ability to pay.

The Court of Criminal Appeals has stated that the statutes "authorizing an assessment of court costs against convicted defendants was intended by the Legislature as a non-punitive recoupment of the costs of judicial resources expended in connection with the trial of a case." *Weir v. State*, 278 S.W.3d 364, 365–66 (Tex. Crim. App. 2009); TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006) (stating when court costs in criminal cases are collectible). Upon conviction, the imposition of court costs is mandatory if the punishment is other than a fine. TEX. CODE CRIM. PROC. ANN. art. 42.16. The allowable types and amounts of costs are set by statute. *Id.* art. 102 (West 2006 & Supp. 2016). Only costs expressly provided by law may be imposed. *Id.* art. 103.002 (West 2006). The statutes governing costs make no reference to a defendant's ability to pay. *See, e.g.*, TEX. GOV'T CODE ANN. § 102.021, .0415 (West Supp. 2016).

Because the assessment of court costs is mandatory after a conviction is obtained, we conclude the trial court did not err in assessing $309 in court costs. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

160975F.U05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

WILLIAM AARON MERRIFIELD, Appellant

No. 05-16-00975-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F16-54208-Y.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of July, 2017.