

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1042-18

**RUBEN LEE ALLEN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S AND STATE'S PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**KEEL, J., filed a concurring and dissenting opinion.**

### CONCURRING AND DISSENTING OPINION

The idea that a court cost might really be a tax because of the separation-of-powers doctrine is a recent hybrid of doubtful stock. We should root it out now.

Our separation-of-powers clause has never substantively changed. *Compare* TEX. CONST. art. II, § 1 *with* TEX. CONST. OF 1845 art. II, § 1; TEX. CONST. OF 1861 art. II, § 1; TEX. CONST. OF 1866 art. II, § 1; TEX. CONST. OF 1869 art. II, § 1. And for more than a century it was no impediment to statutes that directed court costs to the State treasury

without dedicating them to particular purposes. TEX. CODE CRIM. PROC. Art. 956 (1856); TEX. CODE CRIM. PROC. Art. 1061 (1879) (court costs directed to State treasury); Act of March 19, 1846, 1st Leg., An Act Defining the Duties of State Treasurer, § 5, *reprinted in* 2 H.P.N. Gammel, *The Laws of Texas 1822–1897*, at 1317 (Austin, Gammel Book Co. 1898) (1846 law directing state treasurer to keep a single account for State property and money); TEX. REV. CIV. STAT. Art. 2769 (1879) (same); TEX. CODE CRIM. PROC. art. 1059 (1879) (court costs not directed to particular expenditures).

*Peraza*, however, overlooked our legal history and relied on *Ex parte Carson*, 159 S.W.2d 126 (Tex. Crim. App. 1942) (orig. op. and op. on reh'g), to hold that court costs might really be taxes because of the separation-of-powers doctrine. *Peraza v. State*, 467 S.W.3d 508, 517 (Tex. Crim. App. 2015). That reliance was misplaced. *Carson* never used the words "separation" or "powers" or any variations of them, it did not cite article II, section 1 of the Texas Constitution, and its only use of the noun "tax" meant "assessment." *Carson*, 159 S.W.2d at 127 ("We, therefore, conclude, as several states have, that the tax imposed by the bill is not and cannot be logically considered a proper item of cost in litigation, particularly in criminal cases."). *Carson* was not a separation-of-powers case and did not try to distinguish between court costs and taxes. *Peraza*'s misreading of it created a separation-of-powers issue where none existed before.

*Peraza* also relied on *Weir v. State*, 278 S.W.3d 364 (Tex. Crim. App. 2009), for the proposition "that court costs *should* be related to the recoupment of costs of judicial

resources." *Peraza*, 567 S.W.3d at 517 (emphasis added). But *Weir* said no such thing. *Weir* held that the Legislature intended the court cost statute at issue there to be "a nonpunitive 'recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Weir*, 278 S.W.3d at 366. *Weir* did not say that court costs generally must be such a recoupment.

*Peraza*'s last-resort authority was out-of-state cases, from one of which it imported an angst about courts becoming "tax gatherers." *Peraza*, 467 S.W.3d at 516–17. The problem was that the out-of-state cases shed no light on the meaning of the Texas Constitution's separation-of-powers provision.

On the strength of these underpinnings, *Peraza* decided that a court cost statute offends separation of powers unless it dedicates the money to a legitimate criminal justice purpose, i.e., one "that relates to the administration of our criminal justice system." *Id.* at 517–18. But the criminal justice system is not a branch of government, so *Peraza*'s holding makes little sense in a separation-of-powers context, especially since it upheld a statute that directed the judiciary to collect a fee funding an executive branch agency. *Id.* at 518–20; TEX. GOV'T CODE § 411.142 (DPS to manage DNA database); TEX. GOV'T CODE, Title 4, Subtitle B (DPS is part of the executive branch).

Nevertheless, *Peraza* led to *Salinas v. State*, 523 S.W.3d 103, 109–10 (Tex. Crim. App. 2017), in which this Court struck two parts of a court-cost statute for their failures to

fund criminal justice purposes. *See* TEX. LOCAL GOV'T CODE § 133.102 (2013) (hereafter "Section 133.102"). *Salinas* erred in two ways.

The first error was to overlook the underlying purpose and constitutional basis for Section 133.102. The purpose of Chapter 133 of the Local Government Code was:

> to consolidate and standardize:
>
> > (1) collection of fees in criminal and civil matters by:
> >
> > > (A) an officer of a court for deposit in a county or municipal treasury; or
> > >
> > > (B) an officer of a county or municipality for deposit in the county or municipal treasury, as appropriate;
> >
> > (2) remittance of those fees to the comptroller as required by this chapter and other law; and
> >
> > (3) distribution of those fees by the comptroller to the proper accounts and funds in the state treasury.

TEX. LOCAL GOV'T CODE § 133.001. The constitutional basis for the program was Texas Constitution Article III, section 46(b). Given that constitutional authorization, any separation-of-powers concern about the fees collected under Section 133.102 should have been dispelled.

*Salinas*'s second error was to violate the separation-of-powers doctrine. The State budget is the constitutional domain of the legislative and executive branches. *See* TEX. CONST. art. IV, § 9 (Governor's duty to present the budget to the Legislature); *id.* art. IV, § 14 (Governor's authority to veto the budget and line items within the budget); *id.* art.

VIII, § 22(b) (Legislature's authority to raise the appropriations limit in emergencies); *id.* art. III, § 49a(b) (Legislature's duty to enact a balanced budget). Undue interference with another branch's constitutionally assigned powers is a separation-of-powers violation. *Vandyke v. State*, 538 S.W.3d 561, 571 (Tex. Crim. App. 2017). *Salinas* unduly interfered with constitutionally assigned executive and legislative powers by striking part of the court-cost statute. *Salinas* thus violated the separation-of-powers doctrine.

In any event, *Peraza* and *Salinas* depend on a fiction. As the State Prosecuting Attorney documents, the State of Texas spends more on the criminal justice system than it collects in court costs. And as the district attorney observes, money is fungible. Thus, any court cost directed to the general revenue fund is directed to a criminal justice purpose.

We have seventeen—and counting—court cost cases pending review. We would correctly resolve them all by overruling *Peraza* and *Salinas*. Doing so would put an end to this noxious court-cost litigation without offending *stare decisis*. *See Febus v. State*, 542 S.W.3d 568, 575–76 (Tex. Crim. App. 2018) (adhering to poor reasoning does not serve the goals of *stare decisis*). Since the majority instead takes a narrow approach that disregards the State's arguments and dismisses its cross petition, I dissent to its methods and concur only in the result it reaches.

Filed: November 20, 2019

Publish