In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00278-CR**
**NO. 09-21-00279-CR**

_____

**KALEB JERREL MARSHALL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 16-25639 and 17-27612**

**MEMORANDUM OPINION**

In a single appellate issue, Appellant Kaleb Jerrell Marshall[1] appeals the trial court's imposition of duplicate court costs in violation of Article 102.073(a) of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 102.073(a). The State concedes that the trial court erred in charging Appellant court costs in both

_____

[1] The record reflects that Appellant is also known as Jerrel Chamar Marshall, Kaleb Jerrel-Chemar Marshall, Jerrel Kaleb Marshall, and "Kay Jay."

cases, and requests us to reform the judgment accordingly. We therefore affirm the judgment in trial cause number 17-27612, and we reform the trial court's judgment in trial cause number 16-25639, and affirm it as reformed.

## I. Background

In the trial court, Appellant pleaded guilty to forgery and burglary of a habitation and was placed on deferred adjudication for periods of five years and ten years, respectively. When he violated multiple conditions of his probation, the State filed motions to revoke. Appellant pleaded "true" to some of the allegations against him, was found guilty, and sentenced to concurrent terms of incarceration. In each case, the trial court assessed court costs of $373.

## II. Standard of Review

Court costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial; rather, they are "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (quoting *Weir v. State*, 278 S.W.3d 364, 366–67 (Tex. Crim. App. 2009). As a result, we review the assessment of court costs on appeal to determine whether there is a basis for the cost, not to determine whether there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson v. Virginia* evidentiary-sufficiency principles do not

apply. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)).

### III. Analysis

The State has acknowledged that the trial court convicted Appellant and revoked his community supervision "in a single criminal action" for both the forgery and the burglary cases. Tex. Code Crim. Proc. Ann. art. 102.073(a). For that reason, Appellant may be charged court costs in conjunction with only one offense. *Id.* Because the Code of Criminal Procedure directs us to assess court costs "using the highest category of offense that is possible based on the defendant's convictions[,]" and because forgery is a state jail felony[2] and burglary of a habitation is a second-degree felony,[3] it is proper to impose those costs in trial court cause number 17-27612, Appellant's burglary case, and to delete them in trial court cause number 16-25639, his forgery case. Tex. Code Crim. Proc. Ann. art. 102.073(b); *See Carrier v. State,* No. 09-19-00128-CR, 2019 WL 6139166, at *1 (Tex. App.—Beaumont Nov. 20, 2019, no pet.) (mem. op., not designated for publication). We therefore sustain Appellant's sole point of error.

---

[2] Tex. Penal Code Ann. § 32.21(d).
[3] Tex. Penal Code Ann. § 30.02(c)(2).

3

## IV.  Conclusion

We modify the trial court's forgery judgment in cause number 16-25639 to delete the imposition of court costs in the amount of $373, thus eliminating the costs assessed in that case. We affirm the trial court's judgment for burglary in cause number 17-27612, and affirm the judgment in cause number 16-25639 as reformed.

AFFIRMED AS REFORMED.

_____
CHARLES KREGER
Justice

Submitted on September 22, 2022
Opinion Delivered November 9, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.

4