

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00402-CR

Rogelio **MUJICA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR5440
Honorable Joel Perez, Judge Presiding

Opinion by: Lori I. Valenzuela, Justice

Sitting: Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: April 9, 2025

AFFIRMED

A jury found appellant Rogelio Mujica guilty of murder, and the trial court sentenced Mujica to life in the Texas Department of Criminal Justice and assessed court costs of $290. In one appellate issue, Mujica argues that the trial court erred by failing to inquire on the record about his ability to pay the imposed court costs. We affirm.

## BACKGROUND

On June 2, 2022, a grand jury indicted Mujica on one count of murder. A jury found Mujica guilty, and the trial court sentenced Mujica to life in the Texas Department of Criminal Justice and assessed court costs of $290.

In one appellate issue, Mujica contends he is entitled to a new punishment hearing because the trial court failed to inquire on the record about his ability to pay court costs.[1] The State did not file a brief.

## DEFENDANT'S ABILITY TO PAY

### *Applicable Law and Analysis*

Article 42.15(a-1) of the Texas Code of Criminal Procedure, commonly referred to as the "ability to pay statute," states, in relevant part:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.

TEX. CODE CRIM. PROC. art. 42.15(a-1). The "on the record" language "was added by amendment effective September 1, 2021." *Sloan v. State*, 676 S.W.3d 240, 241 (Tex. App.—Tyler 2023, no pet.); *see* Act of May 8, 2021, 87th Leg., R.S., ch. 106, § 1, eff. Sept. 1, 2021 (codified as TEX. CODE CRIM. PROC. art. 42.15(a-1)).

Here, the record lacks any indication that the trial court inquired on the record into Mujica's ability to pay court costs. Because the record likewise does not contain any indication that Mujica

---

[1] Appellant frames the issue in his brief as follows: "Whether the trial court erred in failing sua sponte to inquire at sentencing about the Appellant's ability to pay court costs and restitution." However, appellant failed to include any argument supported by authority addressing the restitution portion of his issue presented. *See* TEX. R. APP. P. 38.1(i); *Hall v. State*, 663 S.W.3d 15, 35 (Tex. Crim. App. 2021). Accordingly, we will only address court costs.

preserved his complaint through the proper methods, we must determine whether Mujica was required to preserve this error for our review.

Error preservation is a fundamental tenant of our judicial system. *See Garcia v. State*, 663 S.W.3d 92, 97 (Tex. Crim. App. 2022) ("Preservation requirements ensure that the judicial system is not burdened by costly appeals and time-consuming retrials."). Error preservation is split into three categories: "(1) absolute requirements and prohibitions, (2) rights that must be implemented unless expressly waived, and (3) rights that are implemented upon request or else forfeited." *Cruz v. State*, 698 S.W.3d 265, 268 (Tex. Crim. App. 2024) (citation omitted); *see also Proenza v. State*, 541 S.W.3d 786, 796 (Tex. Crim. App. 2017) ("[T]he question of error preservation turns not upon the circumstances under which an error was raised, but upon the nature of the error itself.") (internal quotation marks and alterations omitted). Most rights fall within category three—i.e., they are forfeitable—notwithstanding that the same rights "may be constitutionally guaranteed, necessary to ensure a fair and accurate trial, and/or lead to dismissal of charges[.]" *Cruz*, 698 S.W.3d at 268. In *Cruz*, the Texas Court of Criminal Appeals held that the ability-to-pay inquiry is not fundamental and, thus, forfeitable. *See id.*

In this court, appellant does not challenge the basis for calculating the court costs. *See Johnson v. State,* 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Rather, appellant challenges the trial court's failure to hold a hearing to determine whether he could pay the imposed court costs. The record includes the oral pronouncement of Mujica's sentence; however, the record does not show Mujica was orally advised of the implementation of the court costs. *Rios v. State*, 683 S.W.3d 521, 524 (Tex. App.—Waco 2023, no pet.) ("Court costs are not required to be orally pronounced at sentencing as they are not punitive like fines or restitution and do 'not alter the range of punishment to which the defendant is subject, or the number of years assessed.'") (quoting *Weir*

*v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009)). Although the record does not indicate the trial court inquired into Mujica's ability to satisfy this obligation, Mujica did not, as he concedes in his brief, object or otherwise challenge the trial court's failure to conduct the inquiry after learning of the imposed court costs. We note the trial court retains jurisdiction indefinitely to address and determine court costs in an inability to pay inquiry, and appellant may raise this issue in the trial court at any time. *See Cruz*, 698 S.W.3d at 269 ("The defendant need only tell the court of his hardship; and he may do so in person or by motion, letter, or 'any other method established by the court for that purpose.'") (quoting TEX. CODE CRIM. PROC. art. 43.035(b)). Accordingly, we hold that Mujica did not preserve this issue for our review and overrule his sole appellate issue.

## CONCLUSION

We overrule Mujica's single appellate issue and affirm the judgment of the trial court.

Lori I. Valenzuela, Justice

DO NOT PUBLISH