

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00430-CR

———————————————

COLBY MALACHI ELLIS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CR21-00551

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

In a single point, Appellant Colby Malachi Ellis argues that we should reform the trial court's judgment revoking his community supervision to remove a fine and a provision that he pay restitution. He argues that the fine and the order to pay restitution were improperly included in the revocation judgment because they were not orally pronounced by the trial court when it revoked his community supervision and sentenced him to confinement. However, the fine and restitution were originally imposed when Appellant pleaded guilty, and their payment was not probated. Thus, there was no need that they be orally repronounced when the trial court revoked Appellant's community supervision. Accordingly, we affirm the trial court's judgment.

Appellant pleaded guilty to the offense of driving while intoxicated with two or more prior convictions for intoxication-related offenses. *See* Tex. Penal Code Ann. § 49.09(b)(2). The trial court probated Appellant's confinement and placed Appellant on community supervision for a period of five years. The judgment of conviction also imposed a $3,000 fine and ordered Appellant to pay restitution in the amount of $60. Payment of the fine and restitution were not probated.

The State later moved to revoke Appellant's community supervision. After a hearing, the trial court found the allegations in the motion to revoke true and sentenced Appellant to eight years' confinement. At the conclusion of the hearing on the motion to revoke, the trial court did not repronounce the fine and the order of

2

restitution that were included in the judgment of conviction, but the fine and the order of restitution were included in the trial court's judgment revoking Appellant's community supervision.

On appeal, Appellant's sole point implies that the trial court had a duty to orally repronounce the fine and the order of restitution when it revoked Appellant's community supervision. The principle that controls our disposition was succinctly described by the Texarkana Court of Appeals as follows:

> When the oral pronouncement of a sentence varies from the written memorialization of that sentence, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Because fines are punitive and intended to be a part of the defendant's sentence, they "generally must be orally pronounced in the defendant's presence." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ([first] citing Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a); [and then citing] *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004)). However, when a fine is orally pronounced and imposed at the original plea hearing, and is not probated by the trial court, it may be properly included in the judgment revoking community supervision without further oral pronouncement. *See Coffey*, 979 S.W.2d at 329.

*Howard v. State*, No. 06-19-00166-CR, 2019 WL 6334709, at *1 (Tex. App.—Texarkana Nov. 27, 2019, no pet.) (mem. op., not designated for publication); *see Pereda v. State*, No. 02-20-00124-CR, 2021 WL 2978748, at *1 n.2 (Tex. App.—Fort Worth July 15, 2021, no pet.) (per curiam) (mem. op., not designated for publication) ("Moreover, even assuming that the pronouncement's wording did not include the fine, the trial court had orally pronounced the fine at the original plea hearing; thus, it may be properly included in the judgment revoking community supervision without

further oral pronouncement."). Restitution is also considered punitive. *Weir v. State*, 278 S.W.3d 364, 366 n.6 (Tex. Crim. App. 2009). Thus, it is governed by the same principle as a fine.

Here, Appellant does not argue that the fine and the order of restitution were not orally pronounced when he pleaded guilty, nor does he contend that they were probated. The trial court was not required to orally pronounce them again when it revoked Appellant's community supervision. We therefore overrule Appellant's sole issue, and we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 24, 2025