

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-14-00323-CR

---

DANNY CARBAJAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 25,111-B, Honorable John B. Board, Presiding

---

April 8, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Danny Carbajal appeals from his conviction, on an open plea of guilty, of the offense of driving while intoxicated, third or more,[1] and the trial court's imposition of punishment of ten years of imprisonment. In presenting this appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) in support of his motion to withdraw. We will grant counsel's motion and affirm the judgment of the trial court.

---

[1] TEX. PENAL CODE ANN. § 49.09(b)(2) (West 2013).

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders*, 386 U.S. at 744-45; *In re Schulman,* 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel discusses why, under the controlling authorities, the appeal is frivolous. *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* by providing to appellant a copy of the brief, motion to withdraw, clerk's and reporter's records, and by notifying him of his right to file a *pro se* response and a petition for discretionary review if he desired to do so. *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman,* 252 S.W.3d at 408. By letter, we granted appellant an opportunity to exercise his right to file a response to counsel's brief. Appellant did not file a response.

At trial, appellant plead guilty to the indicted charge, plead "true" to the enhancement provision in the indictment, was properly admonished by the trial court, and signed plea documents that included a judicial confession. The State presented evidence of appellant's seven prior misdemeanor convictions, four of which were for the offense of driving while intoxicated, as well as one prior felony conviction for driving while intoxicated. The State also introduced 28 photographs of the wreck that lead to appellant's prosecution in this case.

Appellant testified, acknowledging his long-standing alcohol problem and his intermittent use of drugs. He also testified the car wreck had caused him to change his behavior. His employer testified appellant had not missed a day of work, he had seen significant changes in appellant and that appellant is a "very good man." Additionally,

appellant's bondsman told the court appellant was a client "he never had to worry about."

In the *Anders* brief, counsel demonstrates a diligent review of the proceedings, sentencing and trial counsel's representation. He then certifies there are no arguably meritorious issues for appeal. We have independently examined the entire record and agree with counsel's assessment. *See Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman,* 252 S.W.3d at 409; *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We do, however, note the bill of costs contained in the clerk's record includes a fine of $1000. Fines "generally must be orally pronounced in the defendant's presence." *Armstrong v. State,* 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Fines are punitive, and they are intended to be part of the convicted defendant's sentence. *Id.*, *citing Weir v. State,* 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). In this case, no fine was orally pronounced and no fine appears in the written judgment. Because the record does not contain a factual basis to support imposition of the $1000 fine in the clerk's bill of costs, we delete this amount. *See Boyce v. State*, No. 08-13-00321-CR, 2015 Tex. App. LEXIS 2635 (Tex. App.—El Paso March 19, 2015, no pet. h.). (mem. op., not designated for publication) (modifying bill of costs); *Noonkester v. State,* No. 02-14-00147-CR, 2015 Tex. App. LEXIS 1837, at *4 (Tex. App.—Fort Worth Feb. 26, 2015, no pet. h.) (mem. op., not designated for publication) (same; deleting fine from bill of costs).

Further, we order the trial court clerk to recalculate appellant's bill of costs less the $1000 fine, enter an amended bill of costs and an amended withdrawal notification

in accordance with this opinion, deliver the amended notification to the Texas Department of Criminal Justice, and forward copies of the amended bill of costs and amended withdrawal notification to appellant. *See Rey v. State*, No. 07-10-0464-CV, 2011 Tex. App. LEXIS 4472, at *12 (Tex. App.—Amarillo June 14, 2011, no pet.) (mem. op., not designated for publication).

Except for the modification to the bill of costs, we agree with counsel there are no arguably meritorious issues that might support an appeal. *See Bledsoe v. State,*178 S.W.3d 824 (Tex. Crim. App. 2005). Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.[2]

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.