

# NUMBERS 13-23-00365-CR, 13-23-00366-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LAURA ANN PEREZ,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

## ON APPEAL FROM THE 25TH DISTRICT COURT
## OF GONZALES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Laura Ann Perez appeals her convictions in appellate cause number 13-23-00365-CR and appellate cause number 13-23-00366-CR, raising what we construe to be one issue with multiple subparts: the trial court's imposition of court costs absent oral pronouncement rendered the judgments void; and the trial court impermissibly added

additional fees to its assessed court costs. We affirm the judgments in both causes as modified.

## I.      BACKGROUND

In appellate cause number 13-23-00365-CR, Perez pleaded guilty to the offense of possession of methamphetamine, with intent to deliver, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(b). In appellate cause number 13-23-00366-CR, Perez pleaded guilty to possession of methamphetamine, a second degree felony. *See id.* § 481.115(d). The trial court deferred adjudication in both causes and placed Perez on community supervision for four and ten years, respectively.

The State filed motions to revoke. Following a hearing on the State's motions, the trial court revoked Perez's community supervision, adjudicated her guilty of the offenses, and sentenced her to two years' imprisonment for the state jail felony offense and ten years' imprisonment for the second-degree felony offense. The trial court did not orally impose court costs. Court costs, however, appeared in the written judgments of both causes. This appeal followed.

## II.      APPLICABLE LAW

All court costs assessed by a trial court against a defendant can be separated into two categories: (1) mandatory costs, and (2) discretionary costs. *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). A mandatory court cost is "a predetermined, legislatively mandated obligation imposed upon conviction" and includes the consolidation of fees such as the victims' compensation fund fee and crime stoppers fee. *Id.*; *see* TEX. LOC. GOV'T CODE ANN. § 133.102(a)(e). Mandatory court costs do "not have

to be included in the oral pronouncement of sentence . . . as a precondition to their inclusion in the trial court's written judgment." *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). This is because mandatory court costs, unlike fines,[1] are intended as a nonpunitive recoupment of judicial resources expended in the process of adjudicating a defendant. *Johnson*, 423 S.W.3d at 389; *Weir*, 278 S.W.3d at 366; *see* TEX. CODE CRIM. PROC. ANN. arts. 42.15, 42.16 (requiring that a judgment order a defendant to pay court costs).

Attorney's fees, while compensatory and nonpunitive, constitute discretionary court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05 (setting forth the necessary procedure for ordering indigent defendants to pay attorney's fees); *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). As relevant here, where attorney's fees are assessed at the time a defendant is placed on deferred adjudication community supervision, a defendant must *then* appeal the imposition of attorney's fees or waive complaint following adjudication. *See Wiley v. State*, 410 S.W.3d 313, 315–16 (Tex. Crim. App. 2013) (concluding a defendant forfeits his improper-fees claim where he waived his right to appeal and pleaded guilty knowing the amount of fees and knowing he would be required to pay them); *see also Fowler v. State*, No. 02-23-00159-CR, 2024 WL 853328, at *1 (Tex. App.—Fort Worth Feb. 29, 2024, no pet. h.) (mem. op., not designated for publication) (same).

---

[1] "A fine is punitive in nature and is part of a defendant's sentence." *Anastassov v. State*, 664 S.W.3d 815, 820 (Tex. Crim. App. 2022); *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (observing that fines are imposed as a punishment pursuant to Chapter 12 of the Texas Penal Code, which is entitled "Punishments").

### III. DISCUSSION

We first address Perez's assertion that the trial court's failure to orally pronounce its assessed court costs renders the judgments void. Mandatory court costs need not be orally pronounced; therefore, the trial court did not err in its imposition of mandatory court costs in the written judgments of each cause. *See Weir*, 278 S.W.3d at 367; *see also Senegal v. State*, No. 13-11-00652-CR, 2012 WL 1390600, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 19, 2012, no pet.) (mem. op., not designated for publication) (concluding trial court did not err in its imposition of court costs not first orally pronounced).

Perez also avers that the trial court erred in its imposition of impermissible fees, consolidated and assessed as "court costs," namely: (1) in cause number 13-23-00365-CR, the trial court assessed $980 in total "court costs," an amount comprised of $340 in mandatory court costs, $600 in attorney's fees, and a $25 crime stoppers fee; and (2) in cause number 13-23-00366-CR, the trial court assessed $1,980 in total "court costs," an amount comprised of $340 in mandatory court costs, a $1,000 fine, $600 in attorney's fees, and a $25 crime stoppers fee.

Perez is correct that a fine cannot be assessed as part of court costs,[2] and the $25 crime stoppers fees cannot be additionally assessed given that the fees are already statutorily mandated and accounted for as part of the assessed $340 mandatory court costs in each cause. *See Philmon v. State*, 580 S.W.3d 377, 383 (Tex. App.—Houston [1st Dist.] 2019) (concluding that a crime victims' compensation fee could not be assessed

---

[2] The State concedes this point.

4

separately from the court costs charged for a felony conviction and affirming the judgment as modified), *aff'd*, 609 S.W.3d 532 (Tex. Crim. App. 2020); *see also Taylor v. State*, No. 13-20-00034-CR, 2021 WL 3196519, at *2 (Tex. App.—Corpus Christi–Edinburg July 29, 2021, no pet.) (mem. op., not designated for publication) (concluding the same where the trial court assessed a separate crime stoppers fee). Because fines and crime stoppers fees are accounted for mandatory court costs, the trial court erred in including both a fine[3] and the $25 crime stoppers fees in addition to the total "court costs" in both written judgments.

Regarding the assessed attorney's fees, which constitute discretionary court costs, the trial court initially made its assessment of attorney's fees in its deferred adjudication community supervision orders. The record shows that Perez signed documents containing her community supervision conditions and the trial court's deferred adjudication orders. Both the conditions and orders made clear that Perez owed $600 in attorney's fees. Additionally, Perez signed documents in both causes, affirmatively waiving any rights to appeal. Thus, irrespective of the trial court's failure to orally assess attorney's fees at the time of sentencing, Perez was aware she would be charged $600 in attorney's fees as indicated by her signatures; she did not pursue a timely appeal prior

---

[3] We observe that even if the fine had been properly characterized as such in the judgment, the trial court's failure to orally assess the fine at sentencing prohibits its inclusion in the written judgment. *See Taylor v. State*, 131 S.W.3d 497, 498 (Tex. Crim. App. 2004) (concluding where the judge's order of deferred adjudication included a fine but the trial court did not orally pronounce a fine at the time of adjudication and stentencing but instead included the fine within the written judgment, "the fine must be deleted . . . because of the unique circumstances of deferred adjudication"); *see also Miller v. State*, No. 13-12-00069-CR, 2013 WL 1281866, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 28, 2013, no pet.) (mem. op., not designated for publication) ("Equally established is the rule of law that a judgment of adjudication sets aside an antecedent order deferring adjudication, including any fines imposed therein.").

to adjudication in either cause; and therefore, she now forfeites her claims of improperly assessed attorney's fees. *See Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015) ("Appellant had knowledge that she was to be charged for her appointed attorney fee, as evidenced by the multiple admonishments that she signed, but she forfeited her claim by foregoing her initial appeal."); *Wiley*, 410 S.W.3d at 321 ("That he chose to forego that appeal [of court-appointed attorney fees] must work as a forfeiture of the claim, and he may not, consistent with our case law, attempt to resuscitate it in a later appeal from the revocation of his community supervision.").

We overrule Perez's issue as it pertains to her complaints of the improper assessment of attorney's fees and mandatory court costs and sustain Perez's issue as it pertains to her complaints of an improperly assessed fine and crime stoppers fees.

## IV. REFORMATION OF JUDGMENT

An intermediate appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b) (authorizing appellate courts to modify the judgment and affirm as modified); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) ("[A]n appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth."); *see also Taylor*, 2021 WL 3196519, at *2. We modify the trial court's judgments to remove $25 from the assessed $980 in "court costs" in cause number 13-23-00365-CR and remove $1,025 from the assessed $1,980 in "court costs" in cause number 13-23-00366-CR.

## V.    CONCLUSION

We affirm the trial court's judgments as modified.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
18th day of April, 2024.